The order of the General Term should be affirmed.

All concur.

Order affirmed.

ELIZABETH WELSH, Appellant, *v.* JOHN T. WILSON, Respondent.

One doing business on a street in a populous city has the right to temporarily obstruct the sidewalk in front of his place of business, for the purpose of loading merchandise; the right, however, is to be exercised in a reasonable manner so as not unnecessarily to incumber the sidewalk; when thus reasonably exercising such right, the occupant of the

premises is not required to furnish to those passing upon the sidewalk a safe passage around the obstruction.

Defendant, for the purpose of removing certain cases of merchandise from his store in the city of New York, placed a pair of skids from a truck across the sidewalk to the steps of the store ; after they had been there about three minutes plaintiff came along the sidewalk and seeing the skids attempted to pass around them by the steps, and in so doing slipped upon the steps and was injured. In an action. to recover damages, *held*, that defendant owed no duty to the plaintiff to see that the steps were in an absolutely safe condition for travel ; and that she was not entitled to recover.

(Argued December 16, 1885; decided January 19, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entering upon an order made May 8, 1882, which affirmed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial.

This action was brought to recover damages for personal injuries alleged to have been caused by defendant's negligence.

*William G. Cooke* for appellant. Defendant owed plaintiff a duty to see that the door-step was safe. She did not go there as his licensee, or by any privilege which was subject to his control or liable to revocation by him, but in the exercise of that right which every traveler has, to turn aside and go *extra viam* to avoid an obstruction in the highway. (*Taylor* v. *Whitehead*, Doug. 749 ; Comyn's Dig., tit. Chim. D. 6 ; *Dovaston* v. *Payne,* 3 Sm. L. C. [6th Am. ed.] 217 ; *Holmes* v. *Seeley,* 19 Wend. 510 ; *Williams* v. *Safford,* 7 Barb. 311 ; *Newkirk* v. *Sabler,* 9 id. 655 ; *Shea* v. *Sixth Ave. R. R. Co.,* 62 N. Y. 180 ; *Nicholson* v *Erie Ry. Co.,* 41 id. 525 ; *Nolan* v. *King,* 97 id. 565, 572.) The question whether or not the skids were a nuisance ought to have been submitted to the jury. (*Manger* v. *Harrison,* 14 Weekly Dig. 201.) · Plaintiff used all and more than the degree of precaution required. (*Nolan* v. *King,* 97 N. Y. 565.)

*John Sedgwick Bangs* for respondent.   The plaintiff did not unlawfully obstruct the street. (*People* v. *Cunningham*, 1 Denio, 530.)   An obstruction of the highway is lawful when it becomes reasonably necessary for the transaction of business. (*Commonwealth* v. *Passmore*, 1 Serg. & Rawle, 219.; *People* v. *Cunningham*, 1 Denio, 530.)   If the obstructions are temporary and reasonable they will not be declared illegal merely because the public may not for the time have the full use of the highway. (*People* v. *Horton*, 64 N. Y. 610, 616; *Callanam* v. *Gilman*, N. Y. Supr. Ct., Aug. 1, 1883; 24 Daily Reg., No. 27; 49 Sup. Ct. Repr. 542.)   None of the damages claimed by the plaintiff were directly attributable to the skids or to the act of the defendant in permitting skids to be in front of his premises, and under such circumstances the only damages to which plaintiff could in any event have been entitled were nominal damages for the delay caused by the temporary obstruction. (*Ins. Co.* v. *Tweed*, 7 Wall. 52; 1 Suth. on Dam. 31–38; *Toker* v. *Damon*, 17 Pick. 284.)   It was the duty of the plaintiff to use all reasonable exertion to render the injury as light as possible. (*Hamilton* v. *McPherson*, 28 N. Y. 72–76; *People* v. *Albany*, 5 Lans. 524–529.)   Whatever injury befell plaintiff was the direct consequence of her own deliberate course of conduct.   She cannot recover in such a case. ( *Wilson* v. *Susquehanna Turnpike Co.*, 21 Barb. 68, 79; *Butterfield* v. *Forrester*, 11 East, 60; *Lowery* v. *Manhattan R. Co.*, 1 East. Rep'r, 608.)

EARL, J.   The defendant, desiring to remove two large cases of merchandise from his store in the city of New York, placed a pair of skids from a truck across the sidewalk to the steps of the store.   It would have taken not more than five minutes to remove the cases from the store to the truck.   After the skids had been there about two minutes, the plaintiff came along the sidewalk, and seeing the skids in her pathway turned toward the store and attempted to pass around the skids, and in doing so she slipped upon the steps and was injured; and then she brought this action to recover damages.

The defendant had the right to place the skids across the sidewalk temporarily for the purpose of removing the cases of merchandise. Every one doing business along a street, in a populous city, must have such a right, to be exercised in a reasonable manner, so as not to unnecessarily incumber and obstruct the sidewalk. When the plaintiff found this obstruction in her pathway, she had the option, either to wait a couple of minutes, or to cross the street and pass upon the other sidewalk, or to pass around the truck in the street, or to take the way she selected. The defendant was under no obligation to furnish her a safe passage-way around the obstruction. (*People* v. *Cunningham*, 1 Denio, 524, 530; *Commonwealth* v. *Passmore*, 1 Serg. & Rawle, 219; *People* v. *Horton*, 64 N. Y. 610.)

The defendant owed the plaintiff no duty to see that its steps were in an absolutely safe conditton for travel, and it does not appear that they were dangerous under such circumstances as to charge him with carelessness, even if that would have been sufficient to impose any liability upon him in this case.

We think the judgment should be affirmed.

All concur, except RUGER, Ch. J., not voting.

Judgment affirmed.