By the Court.—O’Gorman, J.
The plaintiff was injured in September, 1881, by being struck by a wagon belonging to defendant, which was backed across the sidewalk in 49th street between Eleventh and Twelfth avenues, in order that some sacks of salt on the wagon could be delivered into the window of a factory on that street.
The plaintiff was then about eight years old.
The learned trial judge, in his charge to the jury, said, *435 “that the defendant’s wagon was lawfully on the sidewalk. The driver had a load to unload. But the boy was also lawfully there and each had to respect the presence of the other—each was bound to take care.”
To this part of the charge, “that the defendant’s wagon was lawfully on the sidewalk,” the plaintiff’s counsel excepted, and the only material question to be considered now, is whether that exception was well taken.
The Court of Appeals in the case of Welsh v. Wilson, 101 N. Y. 254, say:—
> _ “ The defendant, desiring to remove two large cases of merchandise from his store in the city of New York, placed a pair of skids from a truck across the sidewalk to the steps of the store...... The defendant had the right to place the skids across the sidewalk temporarily for the purpose of removing the cases of merchandise. Every one doing business along a street, in a populous city, must have such a right, to be exercised in a reasonable manner so as not to unnecessarily incumber and obstruct the sidewalk.” In this and the case at bar, although the facts are not precisely the same, yet they are similar in their main features, and in principle analogous.
The trial judge in the case at bar, was justified in charging as he did, that the act of the defendant’s driver, in placing his wagon on the sidewalk, was not, per se, unlawful under all the circumstances of the case. He clearly and carefully instructed them that the defendant was liable for any negligence of his driver in the management of his horse while the wagon was on the sidewalk. This was all that the plaintiff was entitled to ; and this and the other exceptions to the judge’s charge, are not well taken.
The judgment should be affirmed, with costs ; and the order denying the motion for a new trial should be affirmed..
Sedgwick, Ch. J., concurred.