RICHARDSON & BOYNTON Co. *v.* BARSTOW STOVE Co.

(*Supreme Court, General Term, First Department.* February 11, 1891.)

OBSTRUCTION OF SIDEWALK — PRELIMINARY INJUNCTION — CONTINUANCE PENDENTE LITE.

> The occupants of a building cannot appropriate the adjacent sidewalk for the purposes of their business by backing or placing vehicles upon it, and thereby obstruct and prevent the use of it by persons lawfully passing along the street on foot, and in an action to restrain such obstruction, which is established both by plaintiffs' affidavits and by admissions in defendants' answer, a preliminary injunction is properly continued *pendente lite.* Affirming 11 N. Y. Supp. 935.

Appeal from special term, New York county.

Action by the Richardson & Boynton Company for injunction against the Barstow Stove Company and others. Defendants appeal from order continuing a preliminary injunction *pendente lite.*

Argued before VAN BRUNT, P. J., and DANIELS, J.

*George H. Pettit,* for appellant. *Charles Henry Phelps,* for respondent.

DANIELS, J. Neither the case of *Welsh* v. *Wilson*, 101 N. Y. 254, 4 N. E. Rep. 633, nor that of *Callanan* v. *Gilman*, 107 N. Y. 373, 14 N. E. Rep. 264, carry the right of an adjacent occupant of a building upon the street so far as to permit the appropriation of the sidewalk for the purposes of his business

by backing or placing vehicles upon it, and thereby obstructing and preventing the use of it by persons lawfully passing and repassing along the street on foot, and there is no principle intimated by either of these cases that will excuse such an obstruction or use of the sidewalk.   If that were permitted, then the sidewalks upon business streets would become practically useless by their occupation for persons passing along the walks, and having the paramount right to use them.   The affidavits, as well as the admission in the defendants' answer, are abundant to establish the fact that it did create this unlawful obstruction in the course of receiving and delivering goods; and sufficient has been presented by them clearly to justify the continuation of the injunction until the action can be tried, and the rights and obligation of these parties disposed of, upon the hearing of the evidence at the special term. The order appealed from should be affirmed, with $10 costs and disbursements.