O'REILLY v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, First Department.  April 24, 1896.)

NEGLIGENCE—OBSTRUCTIONS ON SIDEWALK—SUFFICIENCY OF EVIDENCE.

In action for personal injuries, where it appeared that plaintiff had been injured by slipping on some gravel and bits of wood on a sidewalk in front of defendant's building, that workmen were employed on the roof of the building, and the gravel and chips were falling therefrom, but there was nothing to show that they had incumbered the walk any great length of time, or that there had been any unreasonable delay in removing them,—the evidence was not sufficient to warrant submitting the question of negligence to the jury.

Appeal from court of common pleas, trial term.

Action by Ann A. O'Reilly against the Long Island Railroad Company for personal injuries.  Judgment for plaintiff, and defendant appeals.  Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

A. A. Gardner, for appellant.

E. J. Nathan, for respondent.

RUMSEY, J.  The plaintiff was injured by slipping on the sidewalk running along the side of the defendant's ferry house in Long Island City, and she brings this action to recover damages for those injuries.  At the close of the plaintiff's case the defendant moved to dismiss the complaint on the ground that there was no negligence shown on the part of the defendant railroad company.  This motion was denied, and the defendant excepted.  The defendant then proceeded to give evidence, and the case was submitted to the jury upon a charge which was not excepted to, and the result was a verdict for the plaintiff.  The defendant thereupon moved for a new trial upon the judge's minutes, upon all the grounds stated in section 999 of the Code of Civil Procedure, except that the damages were excessive.  This motion was denied, and from the order denying the motion, and the judgment entered upon the verdict, the defendant brings this appeal.

It appeared from the testimony that the defendant operated a ferry from the foot of Thirty-Fourth street to Long Island City.  At the last-named place the defendant's ferry house abutted upon the sidewalk; the roof of the house either extending to, or slightly over, the sidewalk.  The plaintiff debarked from a ferry boat at about half past 2 o'clock in the afternoon, walked through the ferry house, and started to go along the sidewalk, when her foot slipped and she fell, receiving the injuries of which she complains.  She alleges that she tripped, or her foot slipped, when she stepped upon some gravel or bits of board which lay upon the sidewalk.  Her claim is that the defendant's employés were negligent in permitting the sidewalk to be incumbered by this gravel and boards.  The plaintiff's story is that she turned up towards the ferry house, and upon the corner she fell.  She said that when she was lifted up she saw

gravel upon the sidewalk, which was wet and had cement upon it, and cuttings of ends of boards. "The gravel was about the size of the small marbles that you see upon the street, and pieces or bits and ends of boards what were cut off. Some of the gravel was as large as small marbles, and some was fine. Pieces of board I saw, as near as I recollect, were about three or four inches long, and, may be, two or three inches wide; ends of boards. These stones and pieces of board were just at the point where I fell. There was quite a good deal scattered over the sidewalk. Not any one stone, not half a pile, but scattered along." The plaintiff said that she stepped on the gravel and pieces of board, and that made her slip. The only other witness sworn on behalf of the plaintiff on this subject was one Daniel Green, who said: He saw the plaintiff slip on the sidewalk. "That there was, upon the sidewalk, gravel which you use for roofing; pebbles, small and large, as you get them. They were working upon the edge of the roof. There were little chips of Georgia pine shavings about, the same as though you take an adze and dove it off the edge of a plank, or perhaps you take an adze and dove it off. Small pieces, running from one-eighth to a quarter to one-half an inch thick, about an inch or an inch and a half long; perhaps only little chips. There were not very many of them. They were right at that point on the sidewalk where they were working. Fell down right alongside of the place." This was substantially all the evidence given on behalf of the plaintiff tending to show any obstruction or incumbrance on the sidewalk. Upon this evidence, with the testimony as to the extent of her injuries, the case was submitted to the jury.

It appears from the evidence that the defendant's men were at work upon the roof, above the sidewalk, and that the obstructions complained of were caused by the falling of gravel and pieces of board which had been dislodged by the workmen in the course of their employment upon the roof. The workmen had been there during the day, as appears from the testimony. Just how long the obstructions complained of had been allowed to be there, does not appear. There is nothing to show that they had been allowed to accumulate, or that they had existed there for more than a few minutes; and it appears that the workmen were at work at the time, and the pebbles were dropping down as they worked. While the streets and sidewalks are used primarily for purposes of passage to and fro, yet that is not the only use to which they may properly be put. The owner of premises abutting upon the street may, to a reasonable extent, so far as necessary, put materials upon the street, while doing necessary repairs; and it is not a nuisance, nor is it negligence, for the existence of which he is liable to one who is injured because they are there, unless they have been there so long as that it can be said that he permitted them to remain there for an unreasonable length of time. In Com. v. Passmore, 1 Serg. & R. 217, the defendant was indicted for a nuisance, in placing goods in the highway and permitting them to stay there until he sold them, and upon the trial he was convicted. Upon the writ of error the

supreme court of Pennsylvania held that before one could be convicted of nuisance, for placing goods upon the highway, it must be made to appear that he allowed them to remain there for an unreasonable length of time.  The court, by way of illustration, say:

"Inasmuch as fuel is necessary, a man may throw wood into the street, for the purpose of having it carried into his house, and it may lie there a reasonable length of time. So, because building is necessary, stone, brick, lime, sand, and other material may be placed in the street, provided it be done in the most convenient manner."

This case has been followed in this state.  In Welsh v. Wilson, 101 N. Y. 254, 4 N. E. 633, the defendant had obstructed the sidewalk by putting across it a pair of skids, over which he was unloading merchandise.  The plaintiff, passing by and trying to avoid the skids, slipped, fell, and was hurt.  In an action to recover damages for the injury from the defendant, she was nonsuited; and upon appeal the court of appeals, affirming the judgment, say:

"The defendant had the right to place skids across the sidewalk, temporarily, for the purpose of removing cases of merchandise. Every one doing business along the street in a populous city must have such a right, to be exercised in a reasonable manner."

Mr. Wood, in his work on Nuisances, has laid down the rule that any temporary use of the highway or street, rendered necessary from necessities of trade or the erection of buildings, which does not necessarily or unreasonably obstruct it, is lawful.  So, too, a temporary obstruction, which arises from accidental causes, does not render a person liable for a nuisance, provided that in all these instances no unreasonable or unnecessary delay is permitted. Wood, Nuis. p. 268.  The abutting owner is permitted to unload coal on the sidewalk, for the purpose of having it carried into the house; and if, when the coal is unloaded, small bits are scattered beyond the pile, so that one must pick his way carefully past them, it would be a hard rule to say that the owner should be liable for any injury he received, if he was proceeding with reasonable diligence to have the sidewalk cleared up.  So, if one repairing his fence drops a nail upon the sidewalk, and a passer-by steps upon it and is injured, the owner surely would not be liable, unless it was made to appear that he had permitted the dangerous article to remain after he should have cleared it off.  In this case there was a total failure of any proof that the defendant did not use reasonable diligence to keep this sidewalk clean.  There was no attempt made on the part of the plaintiff to show that the obstructions had been there for any particular length of time, or, indeed, that they had not dropped there shortly before she passed over the sidewalk.  Negligence of the defendant surely cannot be predicated of any act of this kind, unless it is accompanied by some unreasonable delay to have the obstructions removed, and the sidewalk restored to its proper condition..

Because of this defect in the proof, the plaintiff had not, at the close of her evidence, made out a case to charge the defendant with the negligence of which she accused it, and it was error in the court to deny the motion to dismiss the complaint on the ground

that the negligence of the defendant company had not been shown. For this reason the judgment and order appealed from must be reversed, and new trial granted, with costs to the appellant to abide the event. All concur.