(15 App. Div. 79.)

O'REILLY v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department.   March 16, 1897.)

1. NEGLIGENCE—OBSTRUCTING SIDEWALK.
    The owner of a building, while putting on a gravel roof, is not negligent
    in failing to clear the sidewalk every hour of gravels which fall on it.
2. CARRIERS—DEFECTIVE SIDEWALKS.
    The liability of a carrier for a defective sidewalk in front of its buildings
    is the same as that of a city.

Appeal from trial term, New York county.

Transferred from the First department.

Action by Ann A. O'Reilly against the Long Island Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff for $5,000, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William C. Beecher, for appellant.

Edgar J. Nathan, for respondent.

PER CURIAM. This action is to recover damages for injuries received by the plaintiff by slipping on the sidewalk running in front of the defendant's ferry house in Long Island City. The claim of the plaintiff is that she slipped by stepping on some small pebbles which were on the walk. It appears that the defendant had recently put on the ferry house a gravel roof, and at the time of the injury to the plaintiff was altering or repairing some dormer windows. The evidence would justify the inference that these pebbles or gravel and shavings fell on the walk from the defendant's roof. On a previous trial the plaintiff recovered a judgment. This judgment was reversed by the appellate division of the First department, and the case is reported in 4 App. Div. 139, 38 N. Y. Supp. 779. It was there held as a ground of reversal that the plaintiff's evidence was defective in failing to show the length of time that the gravel had remained on the sidewalk. On this trial it was proved that some gravel and shavings had been on the sidewalk at least 50 minutes before the accident to the plaintiff. We think this proof did not take the case out of the rule laid down in the former decision. The plaintiff gives no definite idea of the quantity of gravel or shavings that was on the sidewalk. Her witness Green testified: "There was gravel on the sidewalk. It was from the size of a small marble down; and the amount—there wasn't much of it; not considerable. There was similar gravel on the roof. Q. Was there anything else on the sidewalk? A. No, sir; little chips, little straggling chips." It is thus apparent that there was not enough gravel or shavings to constitute any substantial obstruction on the sidewalk. Of course, there was a possibility of the traveler slipping by stepping on the gravel, in the same manner that she might have slipped on a marble or button or any trifling object that might be dropped on the sidewalk. We doubt very much whether the probability of danger from this

cause was sufficiently great to charge the defendant with negligence in having failed to remove the gravel. In Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, the sidewalk was defective in this: the edge of a flag, where it abutted another course, was broken off, and the broken parts removed, leaving a depression about 2 feet long, 7 inches wide, and 2½ inches deep. In this depression the plaintiff caught her foot, and, as the result, fell, and was injured. It was not denied that this was a defect in the flagging, nor was there any question of the defendant's knowledge of the defect, for it had existed for years. But it was held that the defect was not of such a character that a reasonable person should anticipate danger to travelers, and, therefore, that the defendant was not liable in failing to repair it. The liability of the defendant, though a common carrier, was, as to its sidewalks, simply the same as that of a municipality,—the duty of exercising reasonable care. Lafflin v. Railroad Co., 106 N. Y. 136, 12 N. E. 599. It would seem that danger was much less likely to be anticipated from the presence of a little gravel on the sidewalk than from the defect in the flagging; but, even if it be conceded that the gravel should not have been suffered to remain on the sidewalk indefinitely, we think it was plainly too little dangerous to require the defendant to clean it off every hour.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.