MARY LINEHEN, Respondent, *v.* WESTERN ELECTRIC COMPANY, Appellant.

*Negligence — an owner of premises abutting upon a city street obstructing the sidewalk by a truck and skids — his liability to a pedestrian obliged thereby to go upon his stoop which is in an unsafe condition.*

In an action brought to recover damages resulting from the plaintiff's having slipped from an icy platform in front of the defendant's premises in a city street, it appeared that the plaintiff was prevented from passing along the sidewalk by the presence of a wagon, backed against the curb, and a pair of skids, extending from it across the sidewalk to the platform or stoop in front of the defendant's premises; that the snow in the street, in front of the horses attached to the wagon, was so deep that the plaintiff could not get through it, and that

after waiting about eight minutes she stepped upon the platform, where, owing to its icy condition, she fell and was injured. The skids were not in actual use at the time of the accident.

It was objected that, as the action was brought upon the theory of the defendant's negligence and not because of the maintenance of a nuisance, the plaintiff could not recover.

*Held,* that where a person permits a sidewalk in front of his premises to be obstructed by a truck and skids for an unreasonable time beyond what is necessary for loading and unloading, thus forcing pedestrians passing along the street to use a platform or stoop on the premises, it is his duty to keep such stoop or platform in a reasonably safe condition; and if, as the result of his negligence in that regard, a pedestrian is injured in passing over it, the pedestrian is entitled to recover damages for the injuries caused thereby.

APPEAL by the defendant, the Western Electric Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of January, 1898, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 18th day of January, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Richard T. Greene,* for the appellant.

*Morris W. Hart,* for the respondent.

O'BRIEN, J. :

The action was brought to recover damages for injuries sustained by the plaintiff while a pedestrian on Albany street in the city of New York, on the 8th day of February, 1895, through the alleged negligence of the defendant, by slipping from an icy platform or stoop in front of the entrance to the defendant's premises, on the southerly side of Albany street, between Greenwich and Washington streets. The plaintiff's testimony was directed to showing that on that day, at about three o'clock, she, in company with a young lady, went to a milk depot near the defendant's premises, and afterwards, intending to go to a grocery store on Washington street, proceeded along Albany street until she reached the defendant's premises, where her further progress was impeded by the presence of a wagon and skid which obstructed the sidewalk. The wagon, to which horses were attached, was backed against the curbstone, and from the tail of the truck a pair of skids extended across the walk to the platform or

stoop in front of the defendant's premises. The roadway, as testified to by the young lady who was with the plaintiff, was filled with snow. They attempted to go around in front of the horses, but could not get through as the snow was too deep. They waited about eight minutes,. expecting that the obstruction would be removed, and then stepped upon the stoop or platform; but owing to its icy and slippery condition the plaintiff slipped and féll to the grating, the testimony tending to show that both the skid and grating were icy. The skid was not in use at the time the street was obstructed, for a witness for the defendant testified that it was his business to load and unload the trucks and that he was absent at the time of the accident, having been sent on an errand by the defendant, and that the truck was not standing there when he went, but that he was gone about fifteen minutes and when he returned the truck was there and that he then saw the plaintiff in front of the door. There was no real contradiction of the plaintiff's testimony as to the condition of the stoop, grating and skid at the time she sustained her injuries, or as to the obstruction of the walk by the truck and skid at that time. But it is argued that the testimony was unsatisfactory as to the time that they remained there while neither loading nor unloading. It is unnecessary to say that the question of credibility of witnesses was one for the jury.

The appellant, however, insists that, as the action was brought upon the theory of negligence and not nuisance, the former was not proven, because it was not negligence for the defendant to throw the skid across the walk. ( *Welsh* v. *Wilson*, 101 N. Y. 254; *Callanan* v. *Gilman*, 107 id. 371.) These cases are undoubted authority for the right of persons to reasonably employ skids for the purpose of loading or unloading wagons; but there is authority for the proposition that if, by reason of the obstruction to the sidewalk, a pedestrian is obliged to have resort to the stoop or platform connected with the building belonging to the person obstructing the sidewalk, and is injured thereon by reason of the negligent manner in which it is constructed or kept, for such negligence causing injuries, a recovery can be had. (*Murphy* v. *Leggett, ante,* 309.) Or, stating the last proposition differently, where a person permits a sidewalk in front of his premises to be obstructed by a truck and skids for an unreasonable time beyond what is neces-

sary for loading and unloading, thus forcing pedestrians, in order to have a passageway along the street, to use a platform or stoop on the premises, such stoop or platform should be reasonably safe ; and if, as the result of the negligent maintenance of the same, a pedestrian in passing over it is injured, the right to recover damages for such injuries exists.

The law was correctly presented to the jury upon the facts of this case by the learned trial judge in which he told them, " If, from this evidence, you conclude that the obstruction — the skid — was permitted to remain there for an unreasonable time, and that the platform and skid were covered with ice and in a dangerous condition — a condition where a passerby might, even if careful, fall — finding thus in favor of the plaintiff from the evidence, and also finding that the plaintiff was herself free from any negligence contributing to the injury    *    *    *    then your verdict will be for the plaintiff.    *    *    *    But if you find that the defendants did not maintain or have the skid there for an unreasonable time, or that the defendants were in no way negligent with regard to the condition of the platform and the skid as to ice and snow, your verdict must be for the defendants."

We think that the charge was unexceptionable, and clearly presented upon the evidence the issues which the jury were to determine, and as there are no exceptions relied upon to rulings upon evidence, or to the charge of the court, we think that the verdict of the jury was right, and that the judgment entered thereon should be affirmed, with costs.

PATTERSON, RUMSEY and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.