STERLING R. TOMPKINS, PLAINTIFF IN ERROR, v. NORTH HUDSON RAILWAY COMPANY ET AL., DEFENDANTS IN ERROR.

Argued March 10, 1899—Decided June 19, 1899.

Every person occupying lands abutting upon a public street has a right to obstruct the sidewalk in front thereof for a reasonable time, in order to move heavy merchandise to or from his premises, provided he does so in such a way as not to interfere with its use by the public to a greater extent than is necessary for the purpose, and does not thereby become bound to furnish to the passer-by a safe passage around the obstruction.

On error to the Supreme Court.

For the plaintiff in error, *John I. Weller* and *Warren Dixon.*

For the defendants in error, *Wallis, Edwards & Bumsted* and *George Holmes.*

The opinion of the court was delivered by

GUMMERE, J. Tompkins, the plaintiff, while passing along one of the streets of Hoboken, in front of the door of the stable of the North Hudson Railway Company, was injured by being struck with a bale of hay which was being unloaded from a wagon belonging to the defendant Niver.

It appeared from the testimony offered on behalf of the plaintiff that, as he approached the place where the accident happened, he observed that Niver's wagon, loaded with hay, was standing across the sidewalk, backed up to within four or five feet of the stable, and that bales of hay were being unloaded therefrom; that, assuming the process of unloading would be stopped while he went by, he attempted to pass through the space between the rear of the wagon and the front of the stable, and while doing so was struck by one of the bales which was just then thrown from the wagon by Niver's driver, who was engaged in unloading it. In order to show joint liability on the part of the defendants for the injury received by him, the plaintiff proved that the hay had been purchased by the railway company from Niver; that the wagon had been backed across the sidewalk, in front of the stable door, in accordance with instructions from the company, who wished the delivery to be made there for its convenience, and that immediately upon the unloading of the hay upon the sidewalk it was removed into the stable by the employes of the company.

At the close of the plaintiff's case the trial judge, considering that the facts clearly showed that the conduct of the plaintiff, in attempting to pass between the wagon and the building, was negligent, took the case from the jury and directed a nonsuit to be entered. This judicial action is alleged by the plaintiff to have been erroneous, and we are now asked to set that judgment aside.

It seems to us that, whether the act of the plaintiff, in passing through this narrow way, knowing that the hay was being then unloaded upon the sidewalk from the wagon, was or was not one which a reasonably prudent man would have

attempted, was, under the circumstances mentioned, a question of fact to be determined by the jury, rather than one of law to be determined by the court; and that, therefore, the judgment of nonsuit cannot be rested upon the ground upon which it was placed by the trial court. But, notwithstanding this view, it does not follow that there was error in the direction to nonsuit; that direction was right unless it appears from the proofs that the injuries of the plaintiff resulted from the negligent performance by the defendants of some duty which they owed to him, or some tortious act on their part.

So far as the defendant Niver is concerned, we think there was evidence from which a jury might find such a failure of duty. His servant, while unloading the wagon, was bound to take care that persons passing to and fro upon the street were not injured thereby. Under ordinary circumstances, when carefully done, the unloading of a wagon upon a sidewalk can be accomplished without injury to passers-by; and there was nothing in the facts of the case, as presented by the plaintiff, to show that his injuries were received notwithstanding the use of reasonable care by Niver's driver. This being so, the liability of Niver was clearly a question which should have been submitted to the jury.

The case against the railroad company, however, fails to show any neglect of a duty owing by it to the plaintiff, or any tortious conduct by it contributing to his injury. It took no part in the unloading of the bale from the wagon, and the carelessness of Niver's employe cannot be attributed to the company, for, although it instructed him where to discharge the hay, it did not, by so doing, create the relationship of master and servant between them, nor make itself responsible for his acts in carrying out those instructions.

Nor was there anything wrongful in the instructions themselves. The company had a right to have the wagon backed on the sidewalk temporarily for the purpose of discharging the hay. Every person occupying lands along the line of a public street has a right to obstruct the sidewalk in front thereof for a reasonable time in order to move heavy merchan-

dise to or from his premises, provided he does so in such a way as not to interfere with its use by the public to a greater extent than is necessary for the purpose, and does not thereby become bound to furnish to the passer-by a safe passage around the obstruction. *Welsh* v. *Wilson,* 101 *N. Y.* 254.

As the company had the legal right to obstruct the sidewalk in front of its stable for the purpose of having the hay delivered, and owed the plaintiff no duty which it failed to perform, there was no error in the direction to nonsuit so far as it was concerned.

We conclude that the judgment of nonsuit should be reversed as to the defendant Niver, and affirmed as to the North Hudson Railway Company.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, GUMMERE, VAN SYCKEL, ADAMS, HENDRICKSON, NIXON, VREDENBURGH. 9.

*For reversal*—DIXON, GARRISON, BOGERT. 3.