NORA MURPHY, Respondent, *v.* FRANCIS H. LEGGETT et al., Appellants.

1. NUISANCE — PLATFORM WHOLLY WITHIN MUNICIPAL STOOP LIMIT NOT A NUISANCE PER SE. A permanent iron platform wholly within the stoop limit prescribed by the city of New York, having steps at either end at which persons may enter the building to which it is attached, is not a nuisance *per se.*

2. REASONABLE USE OF PLATFORM A QUESTION OF FACT — WHEN USE CONSTITUTES A NUISANCE AND BECOMES THE PROXIMATE CAUSE OF INJURY. The reasonable use of such platform for the purpose of unloading goods thereon, thereby obstructing the sidewalk in front, is ordinarily a question of fact, depending upon the use being temporary and necessary, having reference to time, place and circumstances, and where it is

16

unreasonable it becomes a nuisance, and a person who, in seeking to avoid the obstruction, passes over the platform, slips on the muddy steps thereof and is injured, while the muddy steps are the direct, the nuisance is the proximate cause of the injury, and a recovery of damages against the party creating it will be sustained.

*Murphy* v. *Leggett*, 29 App. Div. 309, affirmed.

(Argued June 14, 1900; decided October 2, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 26, 1898, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

*Tallmadge W. Foster* for appellants. The motion to dismiss the complaint in its entirety should have been granted. The charges of nuisance and negligence were not sustained. (*Jorgensen* v. *Squires*, 144 N. Y. 280; *Welsh* v. *Wilson*, 101 N. Y. 254; *Hand* v. *Klinker*, 22 J. & S. 433; *Callanan* v. *Gilman*, 107 N. Y. 360; *O'Reilly* v. *L. I. R. R. Co.*, 4 App. Div. 139.) Under the circumstances under which the plaintiff went upon the platform the defendants owed her no duty in respect thereto. (*Welsh* v. *Wilson*, 101 N. Y. 254.) The motion to dismiss the complaint, in so far as the action is based on the alleged nuisance, should have been granted. (S. & R. on Neg. [4th ed.] § 26; 16 Am. & Eng. Ency. of Law, 436; *Lowerre* v. *W. U. T. Co.*, 60 N. Y. 198; *Laidlaw* v. *Sage*, 158 N. Y. 73.)

*Anson Burlingame Cole* for respondent. The court was right in refusing to dismiss the complaint. (*Babbage* v. *Powers*, 130 N. Y. 281; *Jorgensen* v. *Squires*, 144 N. Y. 280; *Callanan* v. *Gilman*, 107 N. Y. 369; *Welsh* v. *Wilson*, 101 N. Y. 254; *Shook* v. *City of Cohoes*, 108 N. Y. 648; *Flynn* v. *Taylor*, 127 N. Y. 596; *Hudson* v. *Caryl*, 44 N. Y. 553; *St. John* v. *Mayor, etc.*, 6 Duer, 315; Wood on Nuisances [2d ed.], §§ 250, 251; *R., etc., Co.* v. *B. S. Co.*, 36 N. Y. S. R. 983; *Hallock* v. *Schreyer*, 33 Hun, 111.) There is evidence which would warrant the jury in finding that the plat-

form was in a slippery condition and had been that way for some time, which condition was known to the defendants. (*Nolan* v. *King*, 97 N. Y. 569 : *O'Reilly* v. *L. I. R. R. Co.*, 4 App. Div. 139.) The plaintiff was free from contributory negligence. She had a right to go on the platform under the circumstances, and was not a trespasser. (*Callanan* v. *Gilman*, 107 N. Y. 372; *Welsh* v. *Wilson*, 101 N. Y. 257; *Pomfrey* v. *Vil. of Saratoga Springs*, 104 N. Y. 459; *Evans* v. *City of Utica*, 69 N. Y. 166 ; *Brusso* v. *City of Buffalo*, 90 N. Y. 679; *McGuire* v. *Spence*, 91 N. Y. 303; *Bullock* v. *Mayor, etc.*, 99 N. Y. 654.) The defendants, under the circumstances of this case, owed a duty to the plaintiff to keep the platform and steps in a reasonably safe condition for her passage. (*Cohen* v. *Mayor, etc.*, 113 N. Y. 532; *Flynn* v. *Taylor*, 127 N. Y. 596; *Hudson* v. *Caryl*, 44 N. Y. 553 ; *St. John* v. *Mayor, etc.*, 6 Duer, 315 ; Wood on Nuisances [2d ed.], §§ 250, 251; *Callanan* v. *Gilman*, 107 N. Y. 360; *R., etc., Co.* v. *B. S. Co.*, 36 N. Y. S. R. 983.)

Haight, J. This action was brought to recover damages for a personal injury. The defendants occupied a building on West Broadway between Franklin and Varick streets in the city of New York, in which they carried on a wholesale grocery business. On the West Broadway side they had constructed a platform about five feet wide and two feet high on a level with the entrance to their store, with three steps on either end by which they could enter their building. The platform was constructed of iron and was within the stoop limit of the street.

On the 19th day of January, 1894, at about eight o'clock in the morning, the plaintiff, in company with her sister Maggie and a Miss Hare, was passing along West Broadway to her place of work. On reaching the defendants' premises she found the sidewalk blocked by two wagons or trucks, one backed across the sidewalk up against the platform, and the other backed into the gutter with skids running from the wagon to the platform across the sidewalk. The wagons were

loaded with goods and it would take about fifteen minutes to unload such wagons. Finding the sidewalk thus obstructed the plaintiff, leading, passed up the southerly steps to the platform, followed by her companions, and thence along the platform to the northerly end, at which place she slipped on some fresh mud, or other slippery substance, and fell from the top step of the platform down the remaining steps to the sidewalk, dislocating her right ankle and causing the injury for which this action was brought.

It appeared, upon the trial, that the platform had been swept that morning at seven o'clock, and whatever mud there was upon it had been tracked there by persons passing over the platform. The trial court charged the jury that the platform was not a nuisance *per se*, but submitted to the jury two questions: *First.* Were the defendants guilty of negligence, and, *second*, was the use made by the defendants of the sidewalk and platform unnecessary and not required by the exigencies of their business, and was such use unreasonable and the proximate cause of the plaintiff's injury. The jury found a verdict in favor of the plaintiff, which has been affirmed by the Appellate Division, two of the members of that court dissenting. All of the judges of the Appellate Division appear to have been of the opinion that no negligence was shown on the part of the defendants and that no recovery could be sustained upon that ground. The defendants, however, took no exception to the submission of that question to the jury, and a reversal, consequently, cannot be placed upon that ground. Some of the judges of the Appellate Division evidently reached the conclusion that the platform constructed in front of the defendants' premises was a nuisance. We do not so consider it. It is, as we have seen, a permanent structure of iron, wholly within the stoop limit, having steps at either end, at which persons may enter the building. Had the steps been in front of the platform the approach would have been similar to a thousand other places in the same city, in which no claim of a nuisance has ever been made or entertained.

We think, however, that this judgment may be sustained

upon the ground that it was a question of fact for the determination of the jury whether the use made by the defendants of their platform and the sidewalk in front was reasonable and necessary in the conduct of their business. This view was entertained by the trial judge, and he fairly submitted the question to the jury. It is true that persons engaged in business in a city have the right to use the streets and sidewalks for the purpose of unloading and loading goods that have to be taken into and from their buildings and storehouses. It is also true that highways and sidewalks may be temporarily blocked when necessary. A person engaged in constructing a large building upon a street may have to make necessary excavation for its foundation and transport to it the iron and stone used in its construction. Heavy machinery and large safes may be moved into the buildings, taking considerable time, all of which necessarily interrupts and causes inconvenience to the public in the use of the highway. The municipalities may, doubtless, provide rules or regulations controlling the manner and times in which these interruptions may be made. They must be necessary, temporary and reasonable, for no person can be permitted to permanently or unreasonably occupy the highway to the detriment of the public. The question, therefore, always is as to whether the use is necessary, temporary and reasonable. In this case the evidence tended to show that the defendants permitted trucks loaded with goods to be backed across the sidewalk so as to avoid the necessity of unloading the goods upon the walk, and then transferring them across the walk into the store. They were engaged in taking in goods from about eight o'clock in the morning until six o'clock at night. Some evidence tends to show that they received goods nearly every hour during the day, and that it took from ten to fifteen minutes to unload a truck. In the case of *Welsh* v. *Wilson* (101 N. Y. 254) it was held that a merchant, in removing cases of merchandise from his store, had the right to place a pair of skids from a truck across the sidewalk to the steps of his store, and that a person passing along the walk, who undertook to

pass around the skids by the steps to the door, and in so doing slipped and was injured, could not recover. In that case the walk had been occupied but two or three minutes, and it would take but two minutes more to complete the loading. It was held that the use made of the sidewalk was necessary and reasonable.

While we approve fully of the conclusion reached in that case under the facts there disclosed, it should not be understood as authorizing the practical obstruction of a street for the greater portion of the time, or as establishing a hard and fast rule which must control in all cases. Places and circumstances widely differ. That which would but slightly inconvenience the public in one place, might in another very seriously impede and discommode travelers. The use by a merchant of a back street but little traveled might be reasonable and justified, while à like use of a main thoroughfare con stantly crowded with passing people would become at once unreasonable and a nuisance that could not be tolerated. Reasonable use, therefore, is ordinarily a question of fact depending upon its being temporary and necessary, having reference to time, place and circumstances. (*Callanan* v. *Gilman*, 107 N. Y. 360, 365.)

The proximate cause of an injury may exist without any person being liable for the injury. Liability exists where a person has created a nuisance which becomes the proximate cause, or has been guilty of negligence which contributed to the causing of the injury. A person who should run against the steps of a dwelling house and receive an injury could not recover of the owner if the steps were within the stoop line. If, however, the owner should obstruct a street so as to constitute a nuisance and a person was injured by reason thereof, a recovery could be had. In this case the plaintiff fell down the steps of the defendant's platform. The steps, therefore, with the mud thereon, became the direct cause. The defendants were under no obligation, upon any theory of negligence, to furnish her a safe passageway, but if the use of the sidewalk and platform by them was a nui-

sance and she was injured by reason thereof, in the manner described, it constituted proximate cause. (*Cohen* v. *Mayor*, etc., 113 N. Y. 532.)

We think the judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, VANN and CULLEN, JJ., concur; BARTLETT and LANDON, JJ., dissent.

Judgment affirmed.