JOHN J. KELLY, Respondent, _v._ HENRY OTTERSTEDT, Appellant.

_Negligence — injury from the slipping of a pedestrian on the sidewalk on green groceries in front of a vegetable stand._

While the primary purpose of streets is their use by the public for travel and transportation, such use is subject to the right of those doing business along the streets to obstruct the sidewalk temporarily for the purposes of business.

The test is whether the exercise of the right in a particular case was necessary, reasonable and temporary, and this question is ordinarily one of fact to be solved with reference to time, place and circumstances.

A person who slips and falls upon green groceries which have been scattered upon the sidewalk of a city street in the process of supplying customers from a vegetable stand, lawfully constructed in front of a store, cannot recover damages from the proprietor of the stand and store where it does not appear that the green groceries had been on the sidewalk for any appreciable time previous to the accident or that the proprietor had not used reasonable diligence to keep the sidewalk clean or that the injured person was free from contributory negligence.

APPEAL by the defendant, Henry Otterstedt, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered upon the decision of the court.

_Frank S. Angell_, for the appellant.

_Bruce R. Duncan_, for the respondent.

WOODWARD, J.:

The plaintiff brought this action to recover damages for injuries alleged to have been sustained through the negligence of the defendant. It is alleged in the complaint: " That on or about the 7th day of June, 1902, while the plaintiff was lawfully upon the sidewalk on Fulton street, in front of the said defendant's store, he slipped and fell upon a certain article or articles which, through the negligence and carelessness of the said defendant, his agents, servants or employees, had been placed or dropped upon the said sidewalk, or had been allowed to get upon the said sidewalk, and allowed to remain thereon whereby the plaintiff sustained bodily injuries," etc. There is no other allegation of negligence. The obstruction alleged to have caused plaintiff's fall consisted of a small

quantity of green groceries, which, it may be inferred, had been scattered over the sidewalk in supplying customers from a vegetable stand in front of defendant's store. At the close of the plaintiff's case the defendant's counsel moved for a dismissal of the complaint on the ground that there had been no cause of action made out against the defendant. When the defendant had rested his case the motion was argued by counsel and denied.

When this motion was made there was no evidence that the greens had been on the sidewalk before the plaintiff fell, and no evidence that the defendant had not used reasonable diligence to keep the sidewalk clean. In fact, it is only by drawing the most liberal inferences from the proof as it stood then that any connection can be seen between plaintiff's fall and its alleged cause; there was actual proof merely of the fall and of the proximity of a possible cause. There was a complete failure of proof of the plaintiff's freedom from contributory negligence. No one of these defects was cured at any time during the trial. The court erred in denying the motion.

While it is true that the primary purpose of streets is use by the public for travel and transportation (*Callanan* v. *Gilman*, 107 N. Y. 360), this use is always subject to the right of those doing business along the streets to obstruct the sidewalks temporarily for the purposes of business. (*Welsh* v. *Wilson*, 101 N. Y. 254.) The test is, was the exercise of the right in the particular case necessary, reasonable and temporary? It is ordinarily a question of fact to be solved with reference to time, place and circumstances. (*Callanan* v. *Gilman, supra; Murphy* v. *Leggett*, 164 N. Y. 121; *Hudson* v. *Caryl*, 44 id. 553; *St. John* v. *Mayor*, 6 Duer, 315; *Flynn* v. *Taylor*, 127 N. Y. 596.)

There was no proof in the case at bar that the defendant was maintaining the vegetable stand in front of his store in violation of any law or municipal regulation; it must be assumed that the stand did not constitute an unlawful encroachment upon the sidewalk, and that the defendant's employees were lawfully delivering green groceries from the stand to customers during the evening in question. Under the circumstances it was probably to be expected that some of the greens should fall to the sidewalk, and accumulate there to an extent proportioned to the absence of care and diligence exer-

cised in removing them. But the plaintiff wholly failed to show any want of reasonable care and diligence in this particular, and the record discloses no evidence that the obstruction had been on the sidewalk for any appreciable time before the plaintiff fell.

In *Welsh* v. *Wilson* (*supra*) the defendant, to remove certain merchandise from his store, placed a pair of skids from a truck across the sidewalk to the steps of the store. The plaintiff, desiring to pass along the street, turned toward the store and attempted to pass around the skids.; in doing so she slipped and fell on the steps and was injured. In affirming a judgment of the General Term, which affirmed a judgment in favor of the defendant, entered upon an order dismissing the complaint in an action brought to recover damages for the injuries, the court by EARL, J., said : " The defendant had the right to place the skids across the sidewalk temporarily for the purpose of removing the cases of merchandise. Every one doing business along a street, in a populous city, must have such a right, to be exercised in a reasonable manner, so as not to unnecessarily incumber and obstruct the sidewalk. * * * The defendant owed the plaintiff no duty to see that its steps were in an absolutely safe condition for travel, and it does not appear that they were dangerous under such circumstances as to charge him with carelessness, even if that would have been sufficient to impose any liability upon him in this case."

In *O'Reilly* v. *Long Island R. R. Co.* (4 App. Div. 139) the plaintiff sought to recover damages for injuries sustained by slipping or tripping on certain gravel and pieces of board as she was passing along the sidewalk in front of defendant's ferry house, which was undergoing repairs. A judgment in favor of the plaintiff was unanimously reversed on appeal, and in the opinion written by Mr. Justice RUMSEY the law, applicable also to the case at bar, is thus stated : " In this case there was a total failure of any proof that the defendant did not use reasonable diligence to keep this sidewalk clean. There was no attempt made on the part of the plaintiff to show that the obstructions had been there for any particular length of time, or, indeed, that they had not dropped there shortly before she passed over the sidewalk. Negligence of the defendant surely cannot be predicated of any act of this kind unless it is accompanied by some unreasonable delay in having the

obstructions removed and the sidewalk restored to its proper condition. Because of this defect in the proof the plaintiff had not at the close of her evidence made out a case to charge the defendant with the negligence of which she accused it, and it was error in the court to deny the motion to dismiss the complaint on the ground that the negligence of the defendant company had not been shown. For this reason the judgment and order appealed from must be reversed and new trial granted."

This case was tried again and an attempt was made to comply with the rule laid down by the Appellate Division by introducing proof that some gravel and shavings had been on the sidewalk at least fifty minutes before the accident to the plaintiff, but again a judgment for the plaintiff was reversed, the court saying in a per curiam opinion : " We think this proof did not take the case out of the rule laid down in the former decision." (*O'Reilly* v. *Long Island R. R. Co.*, 15 App. Div. 79.)

The plaintiff failed to make out a case within the rules declared in any of these decisions. He failed to prove, except by suggesting an inference, that any act of omission of the defendant was the proximate or remote cause of his fall. He practically admitted that his own negligence contributed to the injury when he insisted that the street was dark and that he was " just gazing around." (*Strutt* v. *Brooklyn & R. B. R. R. Co.*, 18 App. Div. 134.) " The fact that it was dark made it incumbent upon the plaintiff to take the greater care." (*Lafflin* v. *Buffalo & Southwestern R. R. Co.*, 106 N. Y. 136.)

The judgment should be reversed and a new trial ordered.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.