HEDENBERG v. MANHATTAN RY. CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. STREET RAILROADS—CONSTRUCTION WORK—USE OF STREETS—LIABILITY TO PEDESTRIANS.

   An elevated railway is not liable for injuries to a pedestrian caused by his stepping on a nail in a plank placed on the sidewalk by the railroad in the course of the construction of steps, unless it permitted the plank to remain upon the sidewalk beyond a reasonable time.

2. JUDGMENTS—DISMISSAL—FAILURE OF PROOF.

   A judgment of dismissal on the merits, entered after a nonsuit for failure of proof, is, in so far as it directs the dismissal upon the merits, erroneous.

Appeal from City Court of New York, Special Term.

Action by Charles Hedenberg against the Manhattan Railway Company. From a judgment dismissing the complaint on the merits, plaintiff appeals. Modified.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Sumner B. Stiles, for appellant.
M. W. Gallaway, for respondent.

¶ 2. See Judgment, vol. 30, Cent. Dig. § 359.

BISCHOFF, J.   The plaintiff was properly nonsuited.  His injury resulted from his stepping upon a nail in a plank lying beneath the defendant's station and upon the sidewalk, and, assuming that the plank was placed there by the defendant in the course of the construction of some steps, as the plaintiff contends, the liability of the defendant would depend upon proof that this plank was permitted to remain upon the sidewalk beyond a reasonable time. For all that appears, the condition had existed but a moment, yet for a reasonable use of the sidewalk the defendant incurred no liability.   O'Reilly v. L. I. R. Co., 4 App. Div. 139, 141, 38 N. Y. Supp. 779; s. c. 15 App. Div. 79, 44 N. Y. Supp. 264.

The judgment erroneously directs a dismissal upon the merits, however, and, so far, must be modified.

Judgment modified by striking out direction for a dismissal upon the merits, and, as modified, affirmed, without costs.   All concur.