## B. F. ROSE v. ABEEL BROTHERS.

Eastern Section, April 9, 1927.

No petition for Certiorari was filed.

1. **Negligence. Abutting property owner has the right to temporarily obstruct the sidewalk as an incident to his business.**

It is not negligence for an abutting property owner to temporarily obstruct the sidewalk as an incident to his business, providing the right is necessary, reasonable and temporary. The test is, was the exercise of the right in the present case, necessary, reasonable and temporary.

2. **Negligence. A temporary obstruction caused by negligent act does not render a person liable for a nuisance.**

A temporary obstruction which arises from accidental causes or negligent acts does not render a person liable for a nuisance provided that no unreasonable or unnecessary delay is permitted.

3. **Negligence. Violation of a city ordinance establishes negligence.**

Where the defendant permitted grease from his filling station to accumulate on the street in violation of a city ordinance, held this fact alone established negligence.

4. **Negligence. Where two causes contribute to an injury and the defendant is responsible for one, the defendant is liable for damages sustained.**

Where two causes proximately contribute to an injury sued for, and for only one of which the defendant is responsible the other cause for which neither party is chargeable, the defendant is still liable, notwithstanding the act of the third party.

5. **Negligence. Evidence. Evidence held to show plaintiff not guilty of contributory negligence.**

In an action to recover damages for personal injuries sustained by a fall caused from slipping on grease in front of defendants filling station, held that under the circumstances plaintiff was not guilty of contributory negligence because he was not looking where he was walking and because he did not see other parties turn to avoid the grease.

5. **Trial. Instructions. Refusal to give an instruction on a point which did not affect the verdict held harmless error.**

In an action to recover for damages for personal injuries caused from a fall where the defendants requested an instruction telling the jury that they had a right to temporarily obstruct the sidewalk, held that the refusal of the instruction was harmless error because the plaintiff was entitled to recover notwithstanding the fact that the defendant had a right to temporarily obstruct the sidewalk.

Appeal in Error from Circuit Court, Hamilton County; Hon. Oscar Yarnell, Judge.

Affirmed.

John A. Chambliss, of Chattanooga, for plaintiff in error.

Joe Frassrand, of Chattanooga, for defendant in error.

PORTRUM, J.    On July 18, 1925, plaintiffs in error, Abeel Bros., were conducting a filling station in Chattanooga, Tennessee, and while emptying a truck tank, which conveyed the gasoline into a underground storage tank from which they supplied their customers, the underground tank became full and ran over, the gasoline running across the sidewalks nearby and into the gutter.    The driver of the truck says the reason the tank ran over is because he misread the guage.    But it is contended that the driver was, in fact, watching a party fix a puncture, and absentmindedly permitted the tank to overflow.    When the driver's attention was called to the overflowing tank he ran to the truck tank and cut off the gasoline, stopping the overflow.    He then went a short distance, say twenty to thirty feet, into the filling station, for the purpose of getting a bucket of water to wash the gasoline off the street, but in his absence the plaintiff below, B. F. Rose, came along and walked through the flowing gasoline, wearing rubber shoes, and because of the gasoline and grease which had collected upon the sidewalk he slipped, fell and was seriously injured. . He sues Abeel Bros., alleging the overflowage of the gasoline and also the accumulation of the grease upon the street as his ground of action. - Certain ordinances of the City of Chattanooga are alleged and introduced which make it a misdemeanor for the abutting property owner to obstruct the street by placing or permitting to remain upon the street "any straw, dirt, chips, shelves, swills, nails, iron, fruit peels, mellon rinds, or other rubbage, whether offensive or not."    It is also made his duty to remove "all accumulations of mud, filth, snow, ice, leaves, or anything causing obstruction or impediment to pedestrians, or anything in the nature of a nuisance."

To the declaration the defendant has plead not guilty.    But the plaintiff was successful and recovered a judgment of $1500, from which the defendant appealed.

The first contention of the plaintiff in error is that there is no negligence shown, and the Circuit Judge should have directed a verdict.    It is insisted that an abutting property owner has a right to temporarily obstruct the sidewalk and that he is chargeable with negligence only in the event he permits the obstruction to remain upon the sidewalk an unreasonable length of time.    He says that the overflowage was caused because the driver, who was Abeel Bros.' servant, misread the gauge, and he thought he had time to

go in the office and get the ticket and return before the tank filled; but since the tank overflowed while he was away it was only an accident upon Abeel Bros.' part, and the obstruction of the street by the overflowage was such as is necessarily incident to this character of business. It is true the abutting property owner has the right to temporarily obstruct the sidewalks as an incident to his business, provided the right is necessary, reasonable and temporary. The rule is best stated in the case of Kelley v. Otterstedt, 80 N. Y. S., 1008, where it is said:

"While it is true that the primary purpose of streets is use by the public for travel and transportation (Callanan v. Gilman, 107 N. Y., 360, 14 N. E., 264, 1 Am. St. Rep., 798), this use is always subject to the right of those doing business along the streets to obstruct the sidewalks temporarily for the purpose of business (Welch v. Wilson, 101 N. Y., 254, 4 N. E., 633, 54 Am. Rep., 698). The test is, was the exercise of the right in the particular case necessary, reasonable, and temporary? It is ordinarily a question of fact to be solved with reference to time, place, and cricumstances. Callanan v. Gilman, supra; Murphy v. Leggett, 164 N. Y., 121, 58 N. E., 42; Hudson v. Caryl, 44 N. Y., 553; St. John v. The Mayor, 6 Duer, 315; Flynn v. Taylor, 127 N. Y., 596, 28 N. E., 418, 14 L. R. A., 556."

But it is insisted by the plaintiff that the overflowage was a negligent act and therefore the defendant had no right to negligently obstruct the sidewalk.

In the case of O'Reilly v. Long Island Railway Company it is said: "So, too, a temporary obstruction, which arises from accidental causes, does not render a person liable for a nuisance, provided that in all these instances no reasonable or unnecessary delay is permitted." .

If Abeel Bros. had the right to overflow the street temporarily, in case it was accidental overflown, we can't see that it makes any difference if it is negligently overflown. In other words the negligence is not the proximate cause, since the negligent act itself did not cause the injury, it being caused by the act of permitting it to remain upon the sidewalk.

The case does not turn upon the liability arising from the overflow of the gasoline. It is charged in one of the counts of the declaration that Abeel Bros. violated the ordinance by permitting grease, which is an article handled in their business and subject to wastage, to overflow and remain upon the sidewalks an unreasonable length of time, and as a result of this negligent act, and also of the innocent act, if you will, of the overflowing gasoline, which softened the grease, causing it to become thin and run with the gasoline, so that when plaintiff stepped upon it his foot slipped

and he fell. This charge in the declaration was proven. A witness for the defendant below testified that the grease had been torn up by the wheels of the truck; others testified that the grease was running pliable at the time of the accident, but that prior thereto it was hard and had caked upon the sidewalk. Counsel attempt to answer this allegation of negligence by saying that the plaintiff below had walked over the grease a few hours before the accident, but this does not answer, because the concurring cause, which was the overflowage of the gasoline, contributed by softening the grease and making it slippery.

The fact that the defendant below permitted grease to accumulate upon the street in violation of a city ordinance establishes negligence. Carroll Blake Construction Co. v. Boyle, 140 Tenn., 166, 203 S. W., 945. And had the party who permitted the gasoline to overflow not been the servant of Abeel Bros., but a third party, nevertheless, the plaintiff would have been entitled to recover. For where two causes proximately contribute to an injury sued for, and for only one of which the defendant is responsible, the other cause for which neither party is chargeable, the defendant is still liable, notwithstanding the act of the third party. Columbia & Big Bigby Turnpike Co. v. English, 139 Tenn., 634, 202 S. W., 925.

Negligence having been established, the defendant then says that the plaintiff was guilty of contributory negligence. The facts are the defendant was going down Main street in Chattanooga looking for a party who had driven by and had parked a short distance from him, but to gain the parking place it was necessary for the plaintiff to go by the filling station of the defendants and while he was following the man in the automobile, watching him, he passed over the gasoline and grease in question and fell. Three or four men were immediately in front of him, and when they came to the flowing gasoline they walked up to where the flowage was narrow and stepped over, and it is contended that the plaintiff should have seen the action of these men and have followed their example. It is admitted that he was not negligent in not looking where he was walking, under the circumstances, then it is hard to see how he can be negligent in not looking at third parties who were walking in order to do as they did. This is requiring him to do indirectly what he is not required to do directly, and there was no error in the action of the judge in submitting this question to the jury.

The last assignment complains because the Circuit Judge refused to give this request to the jury:

"The defendant, Abeel Bros., is entitled to temporarily obstruct the sidewalk in carrying on its business, so long as such use is reasonable."

We hold that this was harmless error, for the reason that this court has held that Abeel Bros., was entitled to obstruct the sidewalk temporarily, but the plaintiff was entitled to recover notwithstanding. If it was the purpose of the short statement to cause the jury to believe that plaintiff could not recover in the event the defendant had a right to temporarily obstruct the sidewalk, then it was not proper to give the instruction. ·

We have examined the judge's charge in reference to this request and find that he directed the jury to consider whether or not the defendant had permitted grease and oil to remain upon the street, and become dangerous to pedestrians, when mixed with gasoline. Finding these facts, then it is immaterial that the jury also found that Abeel Bros. were entitled to temporarily obstruct the sidewalk.

For these reasons the judgment of the lower court is affirmed.

Snodgrass and Thompson, JJ., concur.