Sarah Pukel, an Infant, by Morris Pukel, Her Guardian ad Litem, Appellant, *v.* Samuel Botwin and Others, Doing Business under the Firm Name and Style of Clinton Bottling Works, Respondents.

First Department, December 7, 1934.

*George H. Rosen* of counsel [*Victor Deutsch* with him on the brief; *George H. Rosen*, attorney], for the appellant.

*Joseph F. Lenihan* of counsel [*Frederick Mellor*, attorney], for the respondents.

Glennon, J. This action was instituted by the plaintiff to recover damages for personal injuries resulting from a fall over a removable wooden platform which was on the sidewalk in front of defendants' place of business at 283 Madison street in the borough of Manhattan, city of New York.

Two causes of action were set forth in the complaint, namely, one in negligence and the other in nuisance. At the close of the plaintiff's case, on motion by the defendants, the court dismissed the complaint apparently on the theory that no cause of action, either in nuisance or in negligence, had been made out. We believe that the court erred in so doing.

We can assume the following facts to be true simply for the purpose of passing upon the questions involved on this appeal:

The plaintiff, Sarah Pukel, was between seven and eight years of age at the time the accident happened. She was returning from school on the last day of the June term of 1927, accompanied by a boy who lived in the neighborhood. While walking along the public street in front of the premises occupied by the defendants, she tripped over a platform which had been left by them on the sidewalk, and, as a result, her left arm was fractured. Immediately before she fell, her head was turned slightly toward the little boy, as they were engaged in a conversation. This platform was eight feet long, one and one-half feet wide and about eight inches high. It was used by the defendants to load and unload trucks which were backed into the curb. At the time of the accident it was not in use. Every night it was carried into defendants' place of business.

Based upon these facts, a cause of action in nuisance and also in negligence was made out.

Primarily, the sidewalk is set aside for the use of the public. A pedestrian has the right to assume that obstructions which may be dangerous to life and limb will not be placed upon it. This platform was only eight inches in height. Unless a person using the sidewalk happened to be looking down, it would be a very easy matter to stumble over it in the manner described by the plaintiff. If, for their own convenience, the defendants saw fit to use the platform in connection with their business, the duty rested upon them to see that the public was protected. No one would quarrel with the right of the defendants to temporarily obstruct the sidewalk in order to load and unload their trucks. However, in so doing, it was their duty to see to it that the platform, when not in use, was removed to a place where it would not be a thing of danger. It must be remembered that the evidence in this case shows that the platform was across the sidewalk in a somewhat diagonal position. Therefore, it was an obstruction which at the time could be properly classified as a public nuisance. It was a negligent act on the part of these defendants to have permitted this obstruction to be placed unattended in the position in which it was upon the sidewalk. (*Murphy* v. *Leggett*, 164 N. Y. 121.)

Under the circumstances outlined herein, we believe the plaintiff proved facts sufficient to entitle her to have the case submitted to a jury.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.