Nora Murphy, Respondent, *v.* Francis H. Leggett and Others, Appellants.

29  309
29  464
29  309|
a164a121

*Nuisance — obstruction of a sidewalk by a platform in front of a building and by the use of trucks.*

A property owner in the city of New York who constructs upon the sidewalk in front of his premises a platform, between six and seven feet wide and some seventy feet long, at each end of which are two steps, and who, in the course of his business, permits trucks to be backed up against the platform so as to obstruct the sidewalk beyond it, is guilty of maintaining a nuisance, and is liable for damages sustained by a passer-by who, while walking along the platform, slips upon some substance thereon, falls and is injured.

Barrett and Rumsey, JJ., dissented.

Appeal by the defendants, Francis H. Leggett and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of November, 1897, upon the verdict of a jury for $700, and also from an order entered in said clerk's office on the 2d day of December, 1897, denying the defendants' motion for a new trial made upon the minutes.

*Tallmadge W. Foster*, for the appellants.

*Christopher Fine*, for the respondent.

Patterson, J.:

This is an action to recover damages for personal injuries. The complaint contains substantially two causes of action; one based upon an alleged liability for the construction and maintenance of a nuisance in a highway, and the other for negligence. The case was submitted to the jury in both its aspects, and they brought in

a verdict for the plaintiff, from the judgment entered upon which, and from an order denying a motion for a new trial, this appeal is taken.

The following material facts appeared in evidence: The defendants occupied and used in an extensive business a building in the city of New York, facing upon three streets, namely, West Broadway, Franklin street and Varick street. As one of the appurtenances of their building, and for convenience in handling merchandise, they constructed on the West Broadway front a platform, which, from the house line to the exterior of the platform, occupied six feet three and one-quarter inches of the public sidewalk. The platform was some seventy feet from end to end, and at each end were two steps. There were two doors in the house front that opened upon this platform. It was the custom of the defendants to have wagons and trucks back up against this platform, from which vehicles goods were unloaded upon the platform, and then carried into the building. On the morning of the 19th of January, 1894, the plaintiff, passing along West Broadway, found the sidewalk in front of defendants' premises obstructed by two wagons or trucks backed against the platform above mentioned. There were other vehicles in the street, including horse cars, and the plaintiff, finding the sidewalk beyond the platform obstructed by wagons, in the manner indicated, ascended the steps at the southerly end of the platform, walked along it in safety until she neared the southerly end, when she slipped upon some substance and fell, thereby sustaining the injuries of which she complains.

So far as negligence is concerned, it is imputed to the defendants having allowed some material to remain upon the platform, and upon which a pedestrian might slip and fall while availing himself of that platform as a means of passing along the street.

The case having been summitted to the jury in both aspects, it is impossible to say upon which a verdict was found. If it were on the ground of negligence the verdict cannot be sustained, for there is no evidence to show that, in the use or care of the platform, there was any remissness in duty on the part of the defendants. The accident occurred a few minutes after eight o'clock in the morning, and the proof shows that the platform was swept clean about half-past seven o'clock the same morning. In order to sustain the judg-

ment it is necessary that the cause of action resting in nuisance should be made out, and that the proof should be in such a condition that, on the whole case on that subject, there remained nothing for the jury to do but assess damages. The learned trial judge left it to the jury to determine whether the defendants were responsible for the creation or maintenance of a nuisance in the street. In this respect, we think, he was in error, but it was one far from prejudicial to the defendants. In our view of the case it is clearly established that the construction of the platform, as it existed in the street, was in and of itself a nuisance. It was a construction entirely unauthorized; no permission had been received from the municipal authorities to erect the platform, and it was plainly an unlawful structure. It was permanent, it had been there for years, and in itself, as well as in the manner of its use, was unauthorized. The defendants claim the right to maintain the structure under the authority of an ordinance of the common council, passed December 28, 1880, and approved by the mayor. Under what was held in *Jorgensen* v. *Squires* (144 N. Y. 280) it may be conceded that a permission to erect some sort of a platform might be implied; but there is nothing contained in that ordinance from which the implication could arise of permission to maintain such a structure as that in front of the defendants' premises on West Broadway. That ordinance contains a prohibition against the construction of a platform, stoop or step in any street in the city of New York, which shall extend more than one-tenth part of the width of the street, or more than seven feet in all, *or which shall be of greater width than is necessary for the purposes of a convenient passageway into the house or building.* Whatever permission is to be inferred from this ordinance must be limited to a structure extending out into the street, not more than seven feet and *not wider*, regard being had to the frontage of the building, than is necessary for a convenient passageway into the house or building. `The structures permitted by that ordinance are such as relate solely to passageways into a house or building, and there is absolutely nothing in the case to show that the defendants were authorized to construct a platform seventy feet long in order that they might have convenient passageway into the only two doors in the whole of their West Broadway front. Not only was this construction a nuisance in itself, but the manner in

which it was used aggravated that nuisance. The backing up of carts and vehicles, and the occupation in that manner of the sidewalk for an unreasonable length of time, of itself constitutes a nuisance in the use and is indictable. (*People* v. *Cunningham*, 1 Den. 524.)

The case does not resemble those in which the sidewalk is temporarily obstructed for the purpose of discharging or receiving merchandise. Here was a permanent unauthorized structure used in such a way that pedestrians were excluded from the sidewalk; and such was the condition that existed at the time this plaintiff was compelled to walk upon the platform in order to proceed in her journey along the street. All who continue, and who are in any way responsible for such a nuisance in the street, are liable to a person injured thereby. (*Congreve* v. *Smith*, 18 N. Y. 79; *Creed* v. *Hartmann*, 29 id. 591; *Sexton* v. *Zett*, 44 id. 431; *Clifford* v. *Dam*, 81 id. 56; *Irvine* v. *Wood*, 51 id. 224; *Muller* v. *McKesson*, 73 id. 204; *Cohen* v. *The Mayor*, 113 id. 535.) In the last case it was said: " The primary use of a highway is for the purpose of permitting the passing and repassing of the public, and it is entitled to the unobstructed and uninterrupted use of the entire width of the highway for that purpose, under temporary exceptions, as to deposits for building purposes and to load and unload wagons and receive and take away property for or in the interest of the owner of the adjoining premises, which it is not now necessary to more specifically enumerate. The extent of the right of such exceptional user was before us in the late case of *Callanan* v. *Gilman* (107 N. Y. 360), and nothing more need be said regarding it here."

So far, then, as the plaintiff's case rested upon allegations concerning the existence of a nuisance, it was established; and it only remains to consider whether the proximate cause of her injury was that nuisance. Much ingenuity has been displayed in the effort to make general definitions of proximate cause, both in accident and in marine insurance cases, but none of them are altogether satisfactory. In accident cases, the real inquiry is: What was the cause of the occurrence? What was it that put the plaintiff in peril? The slipping of the plaintiff upon the platform was only a result of the necessity which compelled her to use the platform. She had a right to an unobstructed sidewalk, and it is not

necessary to look beyond the fact that the injuries she sustained were directly in consequence of the unlawful obstruction of the sidewalk. In the case of *Cohen* v. *The Mayor* (*supra*) a pedestrian on the sidewalk was struck by the thills of a wagon which the owner had left in the street, the wagon not then being in use. The thills had been standing upright and a passing ice cart struck the wagon, turned it partly around, the thills fell down and struck and killed the pedestrian, and it was held that, as the accident happened because of the presence of the obstruction, it was the proximate cause of the injury. It was entirely clear in that case that what caused the thills to fall was the striking of the wagon by the ice cart, just as in this case what caused the plaintiff to slip may have been the presence of mud or paste upon the platform; but that which really caused the accident in both cases was the obstruction in the street, for if the unlawful thing had not been there the accident could not have happened in either case in the way in which it occurred.

We are of opinion, upon all the testimony, the defendants were liable for the maintenance of a nuisance, and that the plaintiff was entitled to recover such an amount as the jury might assess for damages.

The judgment and order appealed from must be affirmed, with costs.

VAN BRUNT, P. J., concurred; BARRETT and RUMSEY, JJ., dissented.

O'BRIEN, J.:

I concur in the result on the ground that, whether the platform was or was not a nuisance, the backing up of trucks on the sidewalk so as to prevent the public from using the sidewalk was a nuisance; and the plaintiff, being obliged to pass over the platform to get around the trucks obstructing her passage, and being as a result injured, is entitled to recover.

BARRETT, J. (dissenting):

I am quite unable to see why the defendants' platform as constructed was a nuisance. The ordinance of 1880 (§ 36, art. 4, chap. 6 of ordinances) forbids the construction of any stoop or step extend-

ing from the house line more than one-tenth of the width of the street, or more than seven feet, or " of *greater width* than is necessary for the purpose of a convenient passageway into the house or building." Permission to build a stoop not conflicting with this provision is implied. (*Jorgensen* v. *Squires*, 144 N. Y. 280.) The defendants' platform is less than seven feet in width, or than one-tenth the width of the street on which it is built. The only vice in its construction which is pointed out is that it extends the whole length of the building, some seventy feet, which it is said is not required for convenient access to the premises. But there is clearly no intention in the ordinance to restrict the length of such platforms. It says that they shall not be " of greater *width* " than is necessary for convenient access. There is not a word about length. It seems to me a most novel and remarkable rule that owners who are thus authorized to construct platforms in front of their property may not extend them along its full length. If platforms may only be built to insure access to a building (which the ordinance in no way indicates), it is difficult to see the advantage in building them at all, or rather sections of them. Flights of steps near the door would seem to be adequate for every legal purpose. The effect of such a rule on property in this city can be better imagined than estimated.

If, however, the platform is longer than the law allows, this did not in any way cause or contribute to the plaintiff's injuries. Its illegal *length* certainly did not obstruct her or cause her to deviate from her path. That resulted from the obstruction of the sidewalk by the wagons or trucks. The theory upon which it is sought to support this judgment is, that by reason of the nuisance which blocked the sidewalk, the plaintiff was compelled to resort to another nuisance, namely, the platform, legal in width but illegal in length. But the illegal length of the platform was certainly not, as an independent factor, the proximate cause of the accident.

Mr. Justice PATTERSON does not suggest that it was. On the contrary, his conclusion is that the proximate cause of the accident was the unlawful obstruction of the sidewalk with wagons and trucks. In that view it is difficult to see the materiality of the discussion as to the platform. Whether it was too long or too short, the defendants are, in his opinion, liable for any accident to the plaintiff which occurred thereupon while she was using it. They

are thus liable, although they kept the platform in perfect order. They are, in fact, liable for any accident upon it, pure and simple, merely because no accident would have happened upon it had the plaintiff been permitted to proceed upon the ordinary pathway.

I cannot think that this view is correct. If it is, then the defendants would have been equally liable had the plaintiff turned into the street and been there negligently run into by a wagon or car, or had she fallen into a hole negligently left by the city in the street. The logic which is applied to the accident upon the defendants' platform is equally applicable to the latter illustrations, "if an unlawful thing had not been there the accident could not have happened." There is no difference in principle between the happening of the accident upon the defendants' platform or its happening elsewhere in the immediate neighborhood. If the obstruction of the sidewalk is the proximate cause in the one case it is in the other. The converse is equally true.

In my judgment neither the obstruction of the sidewalk nor the construction of the platform was the proximate cause of the accident. The accident had no direct relation to either. If the plaintiff, in passing the sidewalk obstructions, had been injured by the horses or wagons, or had been thrown down by some act connected with their use, the alleged nuisance there would have been the proximate cause of the accident. So, too, if the platform was an illegal structure, and the plaintiff was injured by coming in contact with it while lawfully pursuing her way, there would be no difficulty in treating that structure as the proximate cause of the accident. Where, however, the accident is such, pure and simple, having no direct relation to the nuisance, or where it results from an independent and intervening act of negligence, it cannot be said that the nuisance is the proximate cause. I quite agree that while the plaintiff was not compelled to use this platform, she was lawfully there when she did use it. If the defendants obstructed the sidewalk, they could not complain of pedestrians who took advantage of their platform to lessen the inconvenience caused by their unlawful acts.

Nay, more, they were bound to keep the platform in good condition for those who might thus avail themselves of it, and their failure to do so would doubtless be chargeable against them as negligence. The difficulty here, however, is that the platform was in

good order and that the plaintiff's fall thereon was not occasioned by any fault on the defendants' part with regard to its condition. My conclusion is that, as the alleged nuisances were not the proximate cause of the accident, and as there was no negligence on the defendants' part, no liability was established.

The judgment should be reversed and a new trial ordered, with costs to abide event.

RUMSEY, J., concurred.

Judgment affirmed, with costs.