## Garibaldi & Cuneo v. Fanny O'Connor.

### Gen. No. 11,087.

1. MOTION IN ARREST—*when, does not lie.* A motion in arrest is properly denied where there is one good count in the declaration.

2. MOTION IN ARREST—*when, does not lie.* A motion in arrest is properly denied where the declaration is merely a defective statement of a good cause of action and is sufficient to apprise the defendant of the plaintiff's claim.

3. STREETS—*right of public to use of.* By statute it is a nuisance. to obstruct public streets and highways, and the public has the right to the exclusive use of the streets for public purposes, free from any permanent obstruction thereof for the private purposes of any person.

4. ABSTRACT—*when, not sufficient for review.* The admission of an ordinance in evidence cannot be intelligently reviewed where such ordinance is not abstracted.

5. ORDINANCE—*when admission of, not prejudicial.* The admission of an ordinance which makes it unlawful to store upon any sidewalk within a particular municipality any goods, wares or merchandise which shall occupy a greater space than three feet next to the building line of the lot of the person using the same, and allowing such goods to remain on the sidewalk more than two hours, is not prejudicial in an action on the case for personal injuries alleged to have resulted by reason of the negligence in the non-observance of such ordinance.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed January 25, 1904.

ALEXANDER CLARK, for appellants.

P. S. O'RYAN, for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

This action was brought by appellee against appellants, to recover damages for an injury to appellee from a fall upon the sidewalk in front of appellants' place of business, at the corner of State and South Water streets, in Chicago. There were two trials, the first of which resulted in a verdict of not guilty, which was set aside by the trial court. On the second trial appellee recovered a verdict and judgment thereon of $3,500, from which this appeal is taken.

The first claim of appellants' counsel is that the judgment should have been arrested because of the insufficiency of the declaration. In this regard we need only consider the first count of the declaration, since one good count is sufficient to sustain the judgment. The count is claimed to be bad because, under its allegations, it is said, it attempts to hold the appellants responsible for the acts of strangers. The count, after alleging that appellants were carrying on the business of fruit dealers at the southwest corner of State and South Water streets, near which was a public sidewalk on State street, portions of which walk appellants used in receiving and sending out fruit, and that they should have so conducted their business that the sidewalk would be reasonably safe for pedestrians, further alleges that appellants, " while so using said sidewalk as aforesaid, wrongfully and negligently made said sidewalk dangerous to pedestrians walking along and over the same, by placing thereon, or causing or allowing to be placed thereon, vegetable matter, and thereby wrongfully and negligently suffered said sidewalk to be and remain in an unsafe and dangerous condition, when they knew, or by the exercise of ordinary diligence ought to have known, of its dangerous condition, by reason of the vegetable matter lying thereon."

It being alleged that the appellants used the sidewalk on State street, it was their duty under the law to see that it was so used as to make it reasonably safe for persons walk-

ing thereon while in the exercise of ordinary care, and it is not material whether, at the particular place where a part of it was being used by appellants, the walk was in an unsafe and dangerous condition because of their acts or those of third persons.    24th Am. & Eng. Ency. Law, 33; King v. Russell, 6 East, 429; Commonwealth v. Passmore, 1 Serg. & R. 217; People v. Cunningham & H., 1 Denio, 524–33; Murphy v. Legett, 51 N. Y. Supp. 472, affirmed in 164 N. Y. 121; Linehen v. West El. Co., 51 N. Y. Supp. 1080.

In the Russell case, which was a criminal prosecution for a nuisance in obstructing a public street by wagons standing therein so as to prevent carriages from passing on that side of the street and incommoding foot passengers, the court held that the defendant could not carry on any part of his business in the public street to the annoyance of the public, and that "anything which impeded the free passage of the street without necessity was a nuisance."

In the Passmore case, which was also a criminal prosecution for obstructing the street by an auctioneer with his goods, the court, after holding that the street was for the use of citizens in general for themselves and their carriages to its utmost extent, unobstructed by any impediment, also held that in cases of necessity there might be a temporary privation of this full right, but that the latter "privilege should be used in a reasonable manner, so as to incommode as little as possible the neighborhood and others," and where a temporary privation of this right was necessary the person causing it was bound to do so without injuring the rights of others.

In the Cunningham case, which was an indictment for obstructing a public highway by the defendants in their business, it was claimed that they were not responsible for the acts of others in coming with carts and teams to the defendants' place of business, and thereby obstructing the street, but it was held that because the defendants invited to their place of business the persons so using the carts and teams, in order to buy defendants' goods, they were responsible for the obstruction.    The court say: "They

furnished the occasion and gave out the invitation, and no obstruction of this kind would have taken place or would be likely to take place in that street, if the occasion of the assembling of such persons for the object mentioned was removed."

Our statute (Hurd, ch. 38, sec. 221, par. 5) makes it a nuisance to obstruct public highways and streets, and it has been frequently held in this state that the public has the right to the exclusive use of the street for public purposes, free from any permanent obstruction thereof for private purposes of any person. People v. Harris, 203 Ill. 272, and cases cited.

The Supreme Court of New York, in deciding the Murphy case, which was an action for an injury caused to the plaintiff by slipping upon some fresh mud upon a platform raised above the sidewalk in front of defendant's store, for convenience in unloading their goods, among other things said : " In accident cases the real inquiry is: what was the cause of the occurrence? What was it that put the plaintiff in peril? The slipping of the plaintiff upon the platform was only a result of the necessity which compelled her to use the platform. She had a right to an unobstructed sidewalk, and it is not necessary to look beyond the fact that the injuries she sustained were directly in consequence of the unlawful obstacles of the sidewalk." The court held that although the platform was swept clean within less than an hour before the accident, the defendants were responsible for the mud being upon it. A judgment in favor of the plaintiff was affirmed by the Court of Appeals, which held that it was a question of fact for the determination of the jury whether the use made by the defendants of the platform and sidewalk was reasonable and necessary in the conduct of their business.

In the Linehen case, which was an action to recover for injuries sustained by the plaintiff by slipping on an icy platform in front of defendant's premises as she was proceeding along the sidewalk, her progress was impeded by a wagon and skid for unloading the wagon, which obstructed

the sidewalk, the court re-affirmed the decision in the Leg-ett case, and, among other things, says: "Where a person permits a sidewalk in front of his premises to be obstructed by a truck and skids for an unreasonable time beyond what is necessary for loading and unloading, thus forcing pedes-trians, in order to have a passageway along the street, to use a platform or stoop on the premises, such stoop or plat-form should be reasonably safe; and if, as the result of the negligent maintenance of same, a pedestrian, in passing over it, is injured, the right to recover damages for such injuries exists."

Upon the authority of the foregoing cases, we are of opin-ion that the first count of the declaration is sufficient to sustain the judgment.   At most it can only be said to be a defective statement of a cause of action, sufficient to ap-prise appellants of plaintiff's claim, and is sufficient after verdict.    Boyce v. Tallerman, 183 Ill. 115–25, and cases cited; B. & O. S. Ry. Co. v. Keck, 185 Ill. 400.

It is also said that the court should have taken the case from the jury, because there is no evidence in the record that the appellants caused vegetable matter to be placed and remain upon the sidewalk.   It is true the evidence shows that because the sidewalk on State street was so ob-structed by boxes of bananas placed thereon by appellants, there was only room on the sidewalk sufficient for three per-sons to pass abreast; that appellee was injured while walk-ing along in this narrow space at the side of another lady; that she was compelled, on meeting a man with a truck passing through this space, to step and walk behind the other lady, and thus being put off her guard, she stepped upon a ripe banana lying upon the sidewalk which caused her to slip and fall.   Also, there is no evidence as to whether appellants or some third person placed or caused to be placed this banana upon the sidewalk.

Under the authorities cited, and by reason of the fact that appellants were using the sidewalk, and, as the evi-dence tends to show, by such use caused an unreasonable obstruction thereof, it was their duty to see that the side-

walk was reasonably safe for persons walking thereon when exercising ordinary care. It is immaterial whether they or some stranger put the banana upon the sidewalk. Under the circumstances they were responsible for allowing it to be put thereon.

The second count of the declaration sets out an ordinance of the city of Chicago, which makes it unlawful to store upon any sidewalk within the city any goods, wares or merchandise whatever which shall occupy a greater space than three feet next to the building or boundary line of the lot of a person so using the same, and allowing said goods, etc., to remain on the sidewalk more than two, hours. The plaintiff, as appears from the abstract, offered in evidence an ordinance of the city of Chicago dealing with storage on sidewalks, sec. 1837, but the ordinance is not abstracted. It is said it was error to admit this ordinance, but we cannot intelligently pass upon the claim because the ordinance is not abstracted. If, however, it be conceded that it is the same ordinance as that set up in the declaration, we are at a loss to conceive how it could have prejudiced appellants.

The fourth and last claim of appellants is that the court erred in refusing to give the fourth and fifth instructions which they requested. Both these instructions are with reference to the second point considered, viz., the negligence of some third person in placing the banana upon the sidewalk, and their refusal is justified because of the principles of law above stated.

There being, in our opinion, no reversible error in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*