(56 Misc. Rep. 473.)

### KURLANCHICK v. SKLAMBERG.

(Supreme Court, Appellate Term. November 29, 1907.)

1. MUNICIPAL CORPORATIONS—RIGHTS OF ABUTTING OWNER—OBSTRUCTION OF STREETS.

While one has a right to use the sidewalk for loading and unloading goods that necessarily have to be taken from and into his place of business, and may in so doing temporarily obstruct the sidewalk, he must show that his use is necessary, temporary, and reasonable, and the question whether the use is such is one of fact, to be determined with reference to time, place, and circumstances.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1446.]

2. SAME—INJURY TO PEDESTRIAN.

A pedestrian fell against a skid used by a wholesale grocer and was injured. The grocer loaded and unloaded goods by means of the skid, which was always on the walk, and on some days in use every hour. It took from 5 to 15 minutes to unload a truck. There was also evidence that the skid was in constant use. Held, in an action by the pedestrian for the injuries, to establish a prima facie case calling on the grocer to show, to avoid liability, that his use of the sidewalk was reasonable.

3. SAME—PROXIMATE CAUSE.

Where the use of a sidewalk by a grocer in loading and unloading goods amounted to a nuisance, and a pedestrian was injured by reason thereof, the nuisance was the proximate cause of the injury, and the grocer was liable therefor.

Appeal from Municipal Court, Borough of Manhattan.

Action by Sarah Kurlanchick against Hyman Sklamberg. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Isidor Cohn, for appellant.

Frank V. Johnson (Harry S. Austin, of counsel), for respondent.

LEVENTRITT, J. The defendant is a wholesale grocer engaged in business at No. 71 Ludlow street, a main thoroughfare of this city.

In front of his premises he had constructed a platform about four inches high and, for aught that the record discloses to the contrary, within the stoop line. For convenience in loading and unloading goods, wagons were backed against the curb and a skid run from the rear of the wagons across the sidewalk to the platform. On the 20th day of November, 1906, the plaintiff was passing along Ludlow street on her way to market. On arriving at the defendant's place of business she found the sidewalk obstructed with boxes of salt and barrels of flour to such an extent that the skid, running from the platform to a wagon then loading, was hidden from view. In attempting to pass she tripped and fell against the skid, and sustained injuries for which she sought to recover damages. The complaint alleged negligence and the maintenance of a nuisance; but on the trial the plaintiff elected to proceed upon the latter theory. At the close of the plaintiff's evidence the learned trial justice dismissed the complaint upon the ground that no nuisance had been established.

An analysis of the testimony shows that this disposition was erroneous. The defendant's manager and shipping clerk testified that the skid was used when necessary—sometimes not once in 6 hours, and sometimes every hour; that it was used on an average 5 minutes at a time. The defendant affirmed that he did an extensive business, and that the skid was on the sidewalk on an average the whole day, but that it was in use only about 15 minutes at a time. A son of the plaintiff testified that during the 4 years he had lived at No. 65 Ludlow street the skid was constantly on the walk, that he saw it morning and night on his way to and from work, that he passed the place four or five times a day, and that the skid was there even when no goods were being shipped. The testimony of another son is to the same effect. An apparently disinterested witness swore that he was obliged to pass the defendant's place of business four or five times a day, that the skid was always there, that it was in position from a truck to the platform, and that he was compelled to cross to the opposite side of the street. Another witness testified that during 2½ years that she had resided at No. 65 Ludlow street she had passed defendant's premises four or five times a day, that the skid was always there, and that men were occupied in loading and unloading trucks.

We think that this testimony was sufficient to call upon the defendant to show that the use he made of the sidewalk was reasonable with reference to the public convenience. While it is true that the defendant had a right to use the sidewalk for the purpose of loading and unloading goods that necessarily had to be taken from and into his place of business, and that he had a right in so doing temporarily to block and obstruct the sidewalk, he should have been required to meet the plaintiff's proof by showing that his use was "necessary, temporary, and reasonable" (Murphy v. Leggett, 164 N. Y. 121, 58 N. E. 42), as no one is permitted unnecessarily or unreasonably or permanently to obstruct a highway. It is not the convenience of the defendant, but that of the public, which is to be considered. Even if his use of the sidewalk were necessary to the convenient and profitable conduct of his business, and even if the obstruction of the walk was no more, or was even less, than it would be by any other method of use, these

circumstances would not justify the obstruction. Callanan v. Gilman, 107 N. Y. 360, 365, 14 N. E. 264, 1 Am. St. Rep. 831. In other words, even necessary use must yield to public convenience. Necessity does not justify a nuisance. The question always is whether the use is necessary, temporary, and reasonable—a question of fact to be determined with reference to time, place, and circumstances. In this case there was evidence that the defendant loaded and unloaded goods by means of the skid stretched across the sidewalk from the trucks to the platform, that the skid was always on the walk and was on some days in use every hour; and that it took from 5 to 15 minutes to unload a truck. There is also evidence that the skid was in constant use. We think, therefore, that the plaintiff made out a prima facie case and that the motion for a nonsuit should have been denied.

The defendant cites Welsh v. Wilson, 101 N. Y. 254, 4 N. E. 633, 54 Am. Rep. 698. In that case it was decided that a merchant, in removing cases of merchandise, had the right to place skids from a truck across the sidewalk to the steps of his store, and that a person who, undertaking to pass around the skids by the steps, slipped and was injured, could not recover, in the absence of proof of negligence. Under the circumstances there disclosed it was held that the use of the sidewalk was necessary and reasonable. In Murphy v. Leggett, supra, the court by Haight, J., referring to Welsh v. Wilson, say (at page 126 of 164 N. Y., page 43 of 58 N. E.):

"While we approve fully of the conclusion reached in that case under the facts there disclosed, it should not be understood as authorizing the practical obstruction of a street for the greater portion of the time, or as establishing a hard and fast rule which must control in all cases. Places and circumstances widely differ. That which would but slightly inconvenience the public in one place might in another very seriously impede and discommode travelers. The use by a merchant of a back street but little traveled might be reasonable and justified, while a like use of a main thoroughfare constantly crowded with passing people would become at once unreasonable and a nuisance that could not be tolerated."

If the use of the sidewalk by the defendant amounted to a nuisance, and the plaintiff was injured by reason thereof, it constituted the proximate cause of the injury (Cohen v. Mayor, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506) and the defendant would be liable. It follows, therefore, that there must be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.