MARSHA BOLKIN, an Infant, by Her Guardian, LAWRENCE KAMER, et al., Appellants, *v.* MAX LEVY, Defendant, and TIDEWATER COAL DOCKS CORPORATION, Respondent.

*Per Curiam.* The plaintiffs' complaint was dismissed as to the defendant Tidewater Coal Docks Corporation after the testimony on both sides was taken upon a trial before the court and a jury. The question is whether the plaintiffs' proof, considered in the most favorable light, established prima facie the negligence of the defendant.

The infant plaintiff on May 12, 1947, was about four and one-half years old. While in the street in front of her home, she was struck by a jeep owned by the defendant Max Levy, and severely injured. Her cause of action against Levy was settled upon a conditional release reserving her rights as against Tidewater. It is claimed that Tidewater, which owned and controlled a large coal truck, had parked the vehicle across the sidewalk so as to block the same and cause the infant plaintiff to use the roadway in an attempt to pass around the truck. While doing so, she was struck by Levy's vehicle, and the act of the defendant Tidewater is alleged to constitute negligence which was a proximate cause of the accident.

The fact that the truck had been placed across the sidewalk was conceded. The time that it remained there, and whether the infant was passing around it

or was crossing the street, when she was struck, were sharply disputed issues. The trial court held that the evidence disclosed that the apparent purpose of the infant was to cross the roadway, and not to walk around the truck, and, therefore, the position of the truck did not cause the accident.

We are of the opinion that the testimony on this point was sufficient to bring to the jury the question whether the infant plaintiff intended to continue her way along the sidewalk or cross the street at the point where the truck was parked. The question of her intention presented an issue for the jury on all the evidence in the case. The driveway where the coal was being delivered was opposite the southerly wing of the infant plaintiff's apartment house. It was about sixty-three feet south of a point opposite the building where she lived. The child had been playing for some time on the westerly sidewalk about twenty feet south of the coal truck. An eyewitness to the accident described the child's course just before she was struck by stating that she was proceeding in a northerly direction towards the coal truck, until she got right next to it, then she turned out into the roadway and around the front of the truck, until she got as far as the middle of the front, and about two feet away from it, when she was struck.

We also find that there was evidence from which the jury could have found that the truck remained on the sidewalk for such a length of time as to raise an issue as to whether it had been kept there for more than the time required to unload it. This is important because the Administrative Code of the City of New York (§ 82d7–15.0, subd. a, par. 2) relating to obstruction of the sidewalk reads: "2. Wares or merchandise in process of loading, unloading, shipment, or being received from shipment, may be transferred from trucks or other vehicles over the sidewalk by the use of skids, or by backing up trucks on the sidewalks while so doing."

In this connection there was evidence from which the jury could find that the truck had remained on the sidewalk for more than forty-five minutes, whereas it took only about twenty minutes to unload. The coal was being carried into the house in sacks by a helper. It was not necessary, or so the jury could find, for the truck to remain on the sidewalk after the coal had been dumped. If the truck was left parked so as to block the sidewalk for an unreasonable time beyond the necessities of the case, the protection afforded by the Administrative Code would have been eliminated. In such case there would be ground for liability (*Mullen* v. *Fayette*, 274 App. Div. 527, affd. 300 N. Y. 501). While the *Mullen* case involved a statute against parking on the sidewalk, it would seem that such parking of a truck across a sidewalk beyond the period permitted by the ordinance would be some evidence of negligence, if it was the proximate cause of injury.

In returning the issue of the truck owner's negligence for trial, we wish to point out that before this defendant may be held liable, the jury will be required to find on satisfactory evidence that the infant plaintiff was attempting to walk north on the westerly sidewalk from a point south of the truck to a point north thereof and was prevented from doing so by the presence of the truck, which compelled her to walk in the roadway, and that this was a proximate cause of the accident. The jury will also be required to find from the evidence that the truck remained across the sidewalk for more than a sufficient time to permit its unloading and a reasonable time thereafter within which it might be moved back onto the roadway and that such delay, if it occurred,

was a proximate cause of the accident. Negligence can only be found if both these elements are present so as to indicate lack of due care on the part of the truck driver.

The judgment appealed from should be reversed and a new trial ordered, with costs to appellants to abide the event.

Peck, P. J., Callahan, Breitel and Botein, JJ., concur; Cohn, J., dissents and votes to affirm upon the ground that the trial court correctly ruled that the parking of defendant's truck bore no causal relationship to the accident which resulted in the injuries sustained by the infant plaintiff.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.