Bessie Rabinowitz, Respondent-Appellant, *v.* 2171 Food Corp., Appellant, and James Georgallas, Doing Business as Banana Distributors of New York, Respondent.

First Department, February 21, 1961.

*Lester Samuels (Weisman, Celler, Allan, Spett & Sheinberg* with him on the brief; *Emanuel Morgenbesser,* attorney), for appellant.

*Paul O'Dwyer* of counsel (*Leon Hershbaum* with him on the brief; *O'Dwyer & Bernstein,* attorneys), for respondent-appellant.

*Arthur N. Seiff* of counsel (*George T. Nicholson,* attorney), for respondent.

McNALLY, J. In this action for personal injuries, plaintiff-respondent-appellant and defendant-appellant 2171 Food Corp. appeal from a judgment, entered April 1, 1960, in the sum of $9,220.37 entered on a verdict in favor of plaintiff. The appeal of the plaintiff is limited to the part of the judgment against her and in favor of defendant-respondent James Georgallas, doing business as Banana Distributors of New York.

On November 10, 1956, in front of premises 2171 Broadway, Borough of Manhattan, owned and controlled by defendant-appellant, the plaintiff stumbled over a crate, fell and sustained the injuries for which damages are sought in this action. Alleging the right of indemnity in respect of said occurrence, defendant-appellant cross-claimed against defendant-respondent who, according to plaintiff's theory of the case, was responsible for pushing or throwing a banana crate in her path.

At the close of the evidence the issues in plaintiff's cause of action were submitted to the jury and over the objections of defendant-appellant and defendant-respondent the issues of the cross complaint were reserved by the court for its disposition. The court also refused the request of defendant-appellant to require a special finding as to the plaintiff's claim that defendant-respondent pushed or threw a banana crate in her path.

The complaint, the bill of particulars and the court's charge to the jury are substantially grounded on the claim that plaintiff fell over a crate thrust into her path by an employee of defendant-respondent in the course of a delivery of crates of bananas to the store premises of defendant-appellant.

The jury returned a verdict in favor of plaintiff and against defendant-appellant, and found no liability as to defendant-respondent. The right to attack an inconsistent verdict exists in favor of a party aggrieved by it. (*Cubert* v. *Spencer,* 9 A D 2d 28.) The verdict exculpating defendant-respondent is inconsistent with and excludes the basis of liability alleged in the complaint, the bill of particulars, plaintiff's proof and the charge to the jury in that thereby the sole substantial ground for liability was the alleged careless and unexpected act of the employee of defendant-respondent in propelling a crate of bananas into the path of plaintiff.

The verdict may not stand because it is inconsistent with the allegations and the proof of plaintiff. (*Pangburn* v. *Buick Motor Co.,* 211 N. Y. 228; *Cubert* v. *Spencer, supra*; *Puleo* v. *Casa Domenick Guffanti, Inc.,* 9 A D 2d 662; *McCarthy* v. *Troberg,* 275 App. Div. 139.) It is a fundamental rule that judgment shall be *secundum allegata et probata.* (*Romeyn* v. *Sickles,* 108 N. Y 650, 652.)

The complaint demands judgment for a sum of money only and consequently the right to a jury trial is clear. (Civ. Prac. Act, § 425.) Although circumstances may suggest the propriety of a separate trial of the issues of fact as to a cross complaint (see Civ. Prac. Act, § 193-a, subd. 4), which is not indicated here, unless a jury trial thereof is waived, the court may not withhold submission of the issues of fact to the jury and it was error to so do. Moreover, if it appears that liability to the plaintiff may be predicated upon a ground which would not support the cross claim of the third-party plaintiff, then on motion of the third-party plaintiff or defendant special findings with respect to the ground of liability should be directed. (Civ. Prac. Act, § 193-a, subd. 5.) Of course, if defendant-appellant was actively negligent, it would not be entitled to indemnity over against defendant-respondent. (*Petzold* v. *Avis Rent-A-Car System,* 12 A D 2d 118.)

On this record the evidence of obstruction of the sidewalk at the time of the occurrence, apart from the precipitation of the crate of bananas into the path of the plaintiff, is very tenuous. Plaintiff's reliance thereon was not adequately advanced in the pleadings. Moreover, the said ground of liability was not charged to the jury. The charge was inadequate in that it did not define the rights and obligations of the parties in respect of sidewalk deliveries to the premises of defendant-appellant. (*Welsh* v. *Wilson,* 101 N. Y. 254; *O'Neill* v. *City of Port Jervis,* 253 N. Y. 423; *Bolkin* v. *Levy,* 286 App. Div. 819.) Nor was the obligation of plaintiff to exercise reasonable care commensurate with knowledge on her part of the obstructed condition of the sidewalk sufficiently conveyed to the jury.

The judgment should be reversed, on the law and on the facts, and a new trial ordered in the interest of justice, with costs to abide the event.

Botein, P. J., Rabin, Valente and Stevens, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, and a new trial ordered in the interest of justice, with costs to abide the event.