■ MIRIAM FLEISCHER, Appellant, v WHITE ROSE FOOD CORP. et al., Respondents.—Judgment, Supreme Court, New York County (Martin Stecher, J.), entered on or about March 21, 1988, which granted the defendants' motions, at the close of plaintiff's case at trial, to dismiss the complaint for failure to present a prima facie case, unanimously reversed, on the law, the complaint reinstated, and the matter remanded to the Supreme Court for a new trial, without costs.

Plaintiff was injured when she was forced to walk around a parked truck blocking the sidewalk and slipped on a patch of ice on the roadway of LaSalle Street near Amsterdam Avenue on February 10, 1983.

Plaintiff left her apartment building on LaSalle Street at approximately 10:30 that morning and walked in an easterly direction on the sidewalk on the south side of the street towards Amsterdam Avenue. It had snowed two days earlier and although the sidewalk was cleared of snow and ice, there was snow elsewhere on the ground. When plaintiff approached the loading dock area of the supermarket, she noticed a large White Rose Food truck blocking the entire width of the sidewalk. The truck was backed into the loading dock of the supermarket, and extended over the entire sidewalk and about one foot into the street. Cars were parked alongside the curb right up to the driveway of the loading dock. Therefore, when plaintiff approached the parked truck, she was forced to turn into the street to get around the truck and slipped and fell on the ice just off the curb. The ice was dirty and blended into the color of the street.

On the day in question, the driver of the truck, Mr. Bernat, arrived at 9:30 A.M. and backed the truck into the loading dock to unload merchandise into a cubbyhole in the rear of the store by use of rollers. He admitted that after the truck was aligned in this manner, it blocked the sidewalk and extended over the curb. At the time of the accident, he was at the rear of the truck unloading the trailer by himself, a process which usually takes "a couple of hours".

Jose Rodriguez, the then-assistant manager of the supermarket in charge of receiving merchandise, testified that White Rose trucks would make deliveries to him about twice a week. Usually, the driver would jackknife the truck and angle the cab so that it would not block the sidewalk. He further

indicated that when a delivery truck would park straight in and block the sidewalk, he would often ask the driver to "angle it" so as to not block the sidewalk.

The plaintiff testified that she had observed White Rose trucks obstructing this sidewalk some 20 to 30 times previously. A neighbor also testified that on 20 to 30 occasions in the past year and a half he had observed trucks blocking the sidewalk near this loading dock, and that he complained to the manager of the supermarket on at least six occasions about this dangerous condition. The security guard, who had worked at this location for 6 or 7 years, and was employed by the owner of the building, stated that while he could not remember exactly how often trucks were backed into the loading dock blocking the sidewalk, he noticed such condition "whenever I was walking by".

At the close of plaintiff's case, the defendants moved to dismiss the complaint for failure to make out a prima facie case. The defendants relied on the common-law right of a property owner to temporarily block the adjoining sidewalk for the purpose of loading and unloading trucks, and on the specific statutory right granted by the Administrative Code of the City of New York to back up trucks on the sidewalk for the purpose of unloading merchandise. (Administrative Code § 19-145 [a] [2].)

The trial court, relying on this expressed "right" to park the truck blocking the sidewalk, granted the defendants' motion, finding that the plaintiff presented no evidence from which it could be inferred that the placement of the truck was otherwise unreasonable. The trial court was in error and should have denied the motion and allowed the case to proceed to conclusion.

On a motion to dismiss a case at the close of plaintiff's evidence, the plaintiff is entitled to the benefit of every favorable inference which can reasonably be drawn from the evidence submitted, and the standard to be used in deciding the motion is whether there is any rational process by which the jury could find for plaintiff. (See generally, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4401.05.)

Here, viewing the evidence presented in a light most favorable to the plaintiff, it is clear that there would be a rational basis for the jury to find for the plaintiff, and that there are questions of fact presented that should have been submitted to the jury.

The long-standing common law and statutory privilege to

block the sidewalk to unload goods does not grant the defendants an absolute right to obstruct the sidewalk in derogation of the rights of pedestrians. The leading case of *Murphy v Leggett* (164 NY 121, 125-126), while recognizing that "persons engaged in business in a city have the right to use the streets and sidewalks for the purpose of unloading and loading goods", holds that the use must be "necessary, temporary and reasonable, for no person can be permitted to permanently or unreasonably occupy the highway to the detriment of the public. The question, therefore, always is as to whether the use is necessary, temporary and reasonable. * * * Reasonable use, therefore, is ordinarily a question of fact depending upon its being temporary and necessary, having reference to time, place and circumstances." *(See also, O'Neill v City of Port Jervis,* 253 NY 423.)

Accordingly, the issue for determination by the jury in this case is whether the obstruction of the sidewalk was necessary and reasonable. Viewing the evidence in the light most favorable to the plaintiff, a jury could find that the use here was not reasonable. There was evidence that other drivers of these trucks angled their cabs while parked so as not to obstruct the sidewalk, and that the driver here could have done so as well, and that it was not necessary for him to have parked the truck in a manner which obstructed the sidewalk. Moreover, there was also evidence that the truck was parked for well over two hours, while it was being unloaded by the driver alone, from which a jury could, additionally or alternatively, find that the length of time that the truck was parked was unreasonable. *(See, Bolkin v Levy,* 286 App Div 819, where it was held that there was a question for the jury as to whether a truck that was parked for 45 minutes and was unloaded by only one worker was parked for an unreasonable time, notwithstanding defendants' reliance upon the same Administrative Code provision here relied upon.)

The right which the Administrative Code grants to temporarily obstruct the sidewalk is not absolute or independent of the rights of others to use the sidewalk and is limited by what is reasonably necessary under the circumstances in light of foreseeable risks of danger to pedestrians. *(See, O'Neill v City of Port Jervis, supra; Kurlanchick v Sklamberg,* 56 Misc 473.) Sufficient evidence was presented here to warrant a determination by the jury as to whether that standard was met.

Accordingly, the judgment dismissing the case should be reversed and the matter remanded for a new trial. Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Rubin, JJ.